# Maddox *v.* Chilton Warehouse & Mfg. Co.

*Damages for Injury to Servant.*

(Decided April 20, 1911.  55 South. 93)

1. *Master and Servant; Injury to Servant; Ways, Works, Etc.*—A servant entrusted with the duty of seeing that the machinery is in proper condition relieves the master of the duty of furnishing safe machinery and may not look to the master to put the machinery in proper condition. Such an one assumes the risk of injury incident to the operation of the machinery, if not in proper condition, and may not rely for recovery on subdivision 1, section 3910, Code 1907, when injured by the machinery.

[Maddox v. Chilton Warehouse & Mfg. Co.]

2. *Same; Defective Appliance.*—Where the duty of seeing that machinery is in proper condition for use is imposed by a rule of the master upon a servant whose primary duty is to use the machinery, the servant's omission to discharge the duty is negligence, and relieves the master of liability only when the nature of the machinery, the skill of the servant, and the exigencies of his service reasonably permitted of an effective inspection by him.

3. *Same; Assumption of Risk; Pleading.*—Where the theory of the complaint was that by the use of reasonable care the master would have discovered the defect in the gin, a plea averring that the operator of the gin was the agent entrusted with the duty of seeing that the gin was in proper condition, and that the servant undertook such duty, such plea is one of assumption of risk, and need not aver that the defect would have been discovered by the operator had he discharged his duties, nor that he was negligent in the discharge of his duty, nor that the injury was the proximate result of the negligent performance of his duty.

4. *Same.*—Where the complaint alleged that the injuries were caused by the negligence of another employee entrusted with the superintendence of the gin, a plea alleging that the injured employe was the agent entrusted with the duty of seeing that the gin was in proper condition, and that he undertook to perform that duty, should aver that the injuries resulted proximately from the employe's own default.

5. *Same; Complaint; Sufficiency.*—A complaint framed under subdivision 2, section 3910, Code 1907, although it follows the language of the statute, is demurrable if it fails to point out the act of negligence or any act of negligence, on the part of the alleged superintendent with respect to his duty while so engaged.

6. *Same; Evidence; Instructions.*—Where the complaint in an action for injury alleged that the injuries were caused by the negligence of one entrusted with superintendence, instructions asserting that if the employe contracted with the master to take charge of a department of the master and keep up the machinery, including that by which the employe was injured, the verdict must be for the master, were improper because omitting in hypothesis a default of duty by the employe resulting proximately in the injuries complained of.

7. *Appeal and Error; Harmless Error; Pleading.*—The overruling of a demurrer to a plea which amounts to the general issue, is harmless.

8. *Same; Review; Record.*—Where the record does not purport to contain all the evidence, this court cannot, on appeal, declare erroneous instructions that are applicable to the pleadings.

9. *Same; Joinder in Error; Necessity.*—A formal joinder in error on the record is not necessary where the record shows a joinder in the submission of the cause.

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by J. A. Maddox against the Chilton Warehouse & Manufacturing Company. From a judgment

for defendant, plaintiff appeals.    Reversed and remanded.

The substance of count 1 is set out in the complaint, as is the substance of counts 2 and 3.    Plea 6 is as follows: "As an answer to count 1, defendant says that the plaintiff in this action was, at the time he suffered the injury complained of, the agent of the defendant intrusted with the duty of seeing that the gin, which it is alleged in said count was defective, was in a proper condition, and that plaintiff undertook to perform such duty." Plea 7: "That the plaintiff in this action was, at the time he suffered the injuries complained of, the agent of the defendant intrusted with the duty of seeing that the gin which is alleged in said count was defective was in proper condition, and plaintiff undertook to perform such duty, and at the time the plaintiff received the alleged injury he was the superintendent of said gin, which it is alleged was defective, and had full charge of the said gin, and was not subject to the control of any one so far as the operation of the said gin was concerned." Plea 8: "As an answer to count 2, the defendant says that plaintiff in this action was, at the time he suffered the injuries complained of, the agent of the defendant intrusted with the duty of seeing that the gin, which it is alleged in said count was defective, was in proper condition, and that said plaintiff undertook to perform such duty." Plea 9: "As an answer to the second count, defendant says that the plaintiff in this action, at the time he suffered the injuries complained of, was the agent of the defendant intrusted with the duty of seeing that the gin, which it is alleged in said count was defective, was in proper condition, and that said plaintiff undertook to perform such duties, and at the time plaintiff received the alleged injury he was the superintendent of said gin, which it is alleged was de-

[Maddox v. Chilton Warehouse & Mfg. Co.]

fective, and had full charge of said gin, and was not subject to the control of any one so far as the operation of said gin was concerned."

The following charges were given for the defendant: (5) "The court charges the jury that if they believe from the evidence that the plaintiff contracted with the defendant to take entire charge of the ginning department of the defendant, and to keep up the machinery of the gin of the defendant, including the gin by which plaintiff was hurt, they must find for the defendant." (6) "The court charges the jury that, unless the jury are reasonably satisfied by a preponderance of the evidence that the injury of the plaintiff was caused by the negligence of the defendant or some one of its agents or servants, they must find for the defendant."

PERDUE & COX, and J. O. MIDDLETON, for appellant. On the general propositions involved and as to what the plea should contain to be proof against demurrer, counsel cite.—*L. & N. R. R. Co. v. Orr,* 8 South. 360; *Pioneer M. & M Co. v. Thomas,* 133 Ala. 279; *Williams v. S. & N. R. R. Co.,* 92 Ala. 635; *Dusenberry's case,* 94 Ala. 413; *K. C. M. & B v. Crocker,* 11 South. 267; *Carter v. Chambers,* 79 Ala. 299; *G. P. R. R. Co. v. Lee,* 92 Ala. 9; *W. Ry. v. Mutch,* 97 Ala. 194. Under these authorities it is insisted that the court was in error in overruling demurrers to pleas 1 and 2. Plea 3 was evidently bad.— *B. F. & M. Co. v. Gross,* 12 South. 36; *Phoenix I. Co. v. Moog,* 78 Ala. 301. A mere general statement that the injury resulted from contributory negligence is not sufficient.—*Forbes v. Davidson,* 41 South. 312; *So. Ry. v. Shelton,* 136 Ala. 191; *Johnson v. L & N.* 104 Ala. 241. The court erred in sustaining demurrer to the complaint.—*Laughran v. Brewer,* 21 South. 415, and cases cited; *Postal T. Co. v. Jones,* 32 South. 500, and cases

cited; *Armstrong v. Mont. St. Ry. Co.* 123 Ala. 233, and cases cited. The court erred in giving the affirmative charge as to the 1st count.—*Daniel's case,* 122 Ala. 362; *L. & N. v. Lancaster,* 121 Ala. 471; *Anderson's case,* 109 Ala. 129; *Moody's case,* 99 Ala. 553.

WILLIAM A. COLLIER, for appellee. The record fails to show what grounds of the demurrer were overruled, and it will be presumed that the grounds were not sufficient.—*Crowder v. Red Mountain M. Co.* 127 Ala. 254. Appellate courts will presume that there was evidence to support the rulings of the trial court where the bill of exceptions does not purport to set out all the evidence.—*Barnett v. Wilson,* 132 Ala 375. The demurrer was properly sustained to the 3rd count.—*Chewning's case,* 93 Ala. 26; *Leech v. Bush,* 57 Ala. 145; *Woodward I. Co. v. Herndon,* 114 Ala. 191. If it was error to sustain demurrer to this count, it was error without injury. 2 Mayf. p. 177. On the above authorities it is insisted that the record was free from error.

SOMERVILLE, J.—The complaint is for an injury to plaintiff's hand and arm, suffered while operating a cotton gin for the defendant company. The first count is framed under subdivision 1 of the employer's liability act (Code 1907, § 3910), and charges a defect in the gin; while the second, third, and fourth counts are framed under subdivision 2, and charge the negligence of a servant of defendant who was intrusted with superintendence. The second and fourth designate T. P. McElderry, and the third G. T. McElderry, as such superintending servant.

1. In order to recover under the first count, the plaintiff was, of course, bound to prove its averment that "the said defect arose from or had not been discov-

ered or remedied owing to the negligence of said defend-
ant or employer, or of some person intrusted by defend-
ant with the duty of seeing that the ways, works and ma-
chinery or plant of said defendant were in proper con-
dition."—*Columbus & Western R. Co. v. Bradford*, 86
Ala. 580, 6 South. 90. As a defense to this count the
defendant answered by plea 6 that at the time of the in-
jury complained of the plaintiff himself was the agent
who was intrusted by defendant with the duty of seeing
that the gin alleged to be defective was in proper condi-
tion, and that plaintiff undertook to perform such duty.
Thus the language of the plea in connection with the lan-
guage of the complaint shows that the master was by con-
tract specifically relieved of the duty, otherwise owed to
the servant, of furnishing him with machinery safe for
operation by him, and under such a contract the servant
could not look to the master to discharge a duty that
was devolved upon himself, but must be held to have as-
sumed the risk of injury incident to the operation of the
gin if not put in a proper condition.

The theory of the complaint is that reasonable care on
the part of the master would have discovered the alleged
defect; and if such was its character as thus predicated,
the plea need not allege that the defect would have been
discovered by the plaintiff had he discharged his duty,
nor that the plaintiff was negligent in the discharge of
his duty, for it must be conclusively presumed that he
would have discovered it. Nor is it necessary to allege
in specific terms that the alleged injury was the proxi-
mate result of plaintiff's negligent performance of the
duty imputed to him by the plea. The plea, which we
treat as a plea of assumption of risk, and not of contri-
butory negligence, was not subject to any of the grounds
of demurrer specified. This ruling is not in conflict
with the principle that the master cannot on considera-

tions of public policy stipulate that his servant must look out and be responsible generally for his own safety, as held in *L & N. R. Co. v. Orr,* 91 Ala. 544, 8 South. 360; for it was ruled in that very case that if the character of the servant's employment was such as to devolve upon him the duty of examining and seeing that the particular material and appliances were in proper condition, and the injury arose from his failure to do so, he would be guilty of contributory negligence, and could not recover. 91 Ala. 554, 8 South. 360. To the same effect are *M & C. R. Co. v. Graham,* 94 Ala. 556, 10 South. 283; *L. & N. R. R. Co. v. Pearson,* 97 Ala. 218, 219, 12 South. 176; *Mobile Electric Co. v. Sanges* 169 Ala. 341, 53 South. 176. In several of these cases the duty of inspecting or keeping in proper condition the machinery or plant of the master was imposed on the servant by a rule promulgated by the master; while in *L. & N. R. R. Co. v. Orr,* 91 Ala. 554, 8 South. 360; *Birmingham F. & M. Co. v. Gross,* 97 Ala. 229, 12 South. 36, and *Pioneer M. & M. Co. v. Thomas,* 133 Ala. 279, 32 South. 15, the duty was imposed either by express trust or by the nature of the employment itself. In most of these cases the servant's duty to inspect or keep in proper condition was treated from the standpoint of contributory negligence; that form of defense requiring of course, averment and proof that the injury resulted proximately from the negligence.

In *Birmingham F. & M. Co. v. Gross,* 97 Ala. 229, 12 South. 36, however, the ruling seems to be based on the principle we are here applying, for it is said: "If the failure to furnish a scaffold was a defect within the meaning of the statute, all the evidence shows that at defendant's furnace Weiss (the injured man) himself was the person who was intrusted with the duty of seeing that the ways, works, machinery, and plant were in

proper condition. The general charge requested by defendant on this count should have been given." We infer, though we have not examined the original record, that this result was allowed on this proposition under the general issue merely.

We recognize the distinction, emphasized by the authorities, that, where the duty of seeing that machinery or appliances are in proper condition for use is imposed by a rule of the master on a servant whose primary duty is to use such machinery or appliances, his omission to discharge the first duty is negligence which relieves the master of liability only when the nature of the thing to be used, the skill of the servant, and the exigencies of his service fairly and reasonably permit of an effective inspection by him.—*L. & N. R. R. Co. v. Pearson*, 97 Ala. 218, 219, 12 South. 176; 1 Labatt's Master and Servant, § 417. But these limitations can have no application here, and we have been thus explicit in order to prevent any misunderstanding as to the scope of our present ruling.

Plea 7 to the first count, which is an amplification of plea 6, is for the same reasons free from the objections stated in plaintiff's demurrer.

2. The second count, after describing the nature and modus of his injury, alleges that it "was caused by reason of the negligence of one T. P. McElderry, who was then and there in the service and employment of said defendant, and was then and there intrusted with the superintendence of said gin, and said injury occurred while said McElderry was in the exercise of such superintendence." Neither the nature of the defect in the gin, if any, nor the negligent act or omission of the superintendent, is specifically stated; and, although the plaintiff's employment and duty were as alleged in the plea, there might still be ample room for the injurious operation in some way of the negligent superintendence of

McElderry with respect to the gin. It was necessary therefore, that the plea should aver that plaintiff's injury resulted proximately from his own default, and this ground of demurrer should have been sustained to plea 8 to the second count.

Plea 9, identical with plea 7 to the first count, is, as applied to the second count, no more than a plea of the general issue, and overruling the demurrers to it was not prejudicial error.

3. The third count of the complaint, framed under subdivision 2, and identical with the second count, except that G. T. McElderry is named as the superintending servant, though it follows the language of the statute, was subject to demurrer, in that it failed to point out even in general terms any act of negligence on the part of the alleged superintendent with respect to his duty while so engaged. The trial court did not err in sustaining the demurrer to this count.

4. Under the principles already stated, charges 5 and 6 were correct as applied to the first count of the complaint and the issues made by pleas 6 and 7.

But, as applied to the second count, such charges might be erroneous in ommitting the predicate of a default of duty by the plaintiff, resulting proximately in the injury complained of.

All of the evidence not being shown by the bill of exceptions, we cannot pronounce the charges erroneeous so far as this trial was concerned, and our observations are precautionary for the future only.

5. Under the practice prevailing in this court, the appellee's formal joinder in error on the record is not necessary, where the record shows a joinder in the submission of the cause.

Reversed and remanded.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.