[Birmingham Railway, Light & Power Company v. Abbott.]

rell" are not the same nor of the same sound.—*Nutt v. State,* 63 Ala. 180; *Merlette v. State,* 100 Ala. 42, 14 South. 562; *Leath v. State,* 132 Ala. 26, 31 South. 108; 29 Cyc. 276.

Reversed and remanded.

# Birmingham Railway, Light & Power Company *v.* Abbott.

## *Trespass and Case.*

(Decided November 14, 1912.   Rehearing denied January 23, 1913.
60 South. 970.)

1. *Trespass; Complaint; Residence.*—Where one of the counts is in code form for trespass and alleged that plaintiff with his family was residing in Birmingham at 812 1st Ave. West End, and that defendant's servant acting within the line of his authority as such wrongfully entered on said premises in said residence, etc., the count sufficiently showed that the trespass was committed on real property of which plaintiff was in possession, the word "residence" being synonymous with "home" or "dwelling"; a man's home being his abiding place, a place of which, out of necessity, he is possessed.

2. *Electricity; Public Service; Duty to Furnish.*—In an action against an electric light company for failure to furnish plaintiff current for lighting his residence, a complaint alleging that the defendant under a franchise from the city was furnishing electricity for lighting residences, and furnishing plaintiff electric current at his residence and had undertaken to continue to furnish such current to and including June, 1910; that it was defendant's duty to continue to furnish such current, but that it refused to do so, resulting in the injury complained of, was fatally defective for a failure to allege that defendant's engagement to continue to furnish the current was based on a valuable consideration.

APPEAL from Birmingham City Court.

Heard before Hon. J. T. STOKELY.

Action by T. Jones Abbott against the Birmingham Railway, Light & Power Company for trespass.   Judgment for plaintiff, and defendant appeals.   Reversed and remanded.

The complaint is as follows:

Count 1: "The plaintiff claims of the defendant $5,000 as damages, for that, heretofore, to wit, on the 27th day of June, 1910, defendant, with his family, was residing in Birmingham, Alabama, to wit, at 812 First avenue, West End; that at said time defendant was operating an electric light plant, and was supplying said residence with electric light; that on said day defendant's servant or agent, acting within the line and scope of his authority as such, wrongfully entered upon said premises, and in said residence, and as a proximate consequence of said wrong plaintiff's wife, being critically ill, was made worse, and plaintiff was put to great trouble, inconvenience, and expense for medicine, medical attention, cure, and nursing in or about his efforts to heal and cure the said worse condition of his said wife, and plaintiff was greatly harassed, vexed, and annoyed, and the electric lights in said house were caused not to burn for a long time, and plaintiff was compelled to do without electric lights in said house for a long time, and plaintiff was put to great trouble, inconvenience, and expense in and about procuring light, all to plaintiffs' damage."

(3) "Plaintiff claims of defendant the sum of $5,000 as damages, for that, heretofore, on, to wit, the 27th day of June, 1910, defendant, under a franchise from the city of Birmingham, was engaged in furnishing the electric lights for lighting residences in said city, and was engaged in furnishing plaintiff, at his residence in said city, to wit, 812 First avenue, West End, with electric lights in said residence, and defendant had undertaken to continue to furnish plaintiff electric light in said residence to a time to and including said 27th day of June, 1910, and it became and was the duty of defendant to furnish said light in said residence for said time; but, notwithstanding said duty, defendant wrong-

fully, on said day, caused said lights to be cut out, or otherwise to cease to be furnished at said residence, and as a proximate consequence thereof, plaintiff's wife being critically ill, plaintiff was greatly vexed, harassed, and annoyed, and suffered the injuries and damages set out in the first count of the complaint."

The demurrers were that the counts were vague, indefinite, and uncertain; that it did not sufficiently appear what duty defendant owed plaintiff, or how said duty was violated; because no facts are averred showing that such servant or agent was acting within the line and scope of his authority as such at the time of the alleged wrong; because two separate and distinct causes of action are therein stated; because it does not appear that plaintiff suffered any recoverable damages; because the terms of said alleged contract are not averred with sufficient definiteness; because it deos not appear therefrom with sufficient certainty that defendant was under any duty to furnish plaintiff any lights at that time; because it does not appear that it was defendant's duty under said contract to furnish said lights to plaintiff on the said day and date mentioned; and because it does not appear that it was defendant's duty, at the time said lights were cut out, to continue to furnish said electric lights in said residence; and other grounds not necessary to be here set up.

TILLMAN, BRADLEY & MORROW, and JOHN S. STONE, for appellant The court erred in overruling demurrers to the 1st count of the complaint—*Terry v. Williams*, 148 Ala. 471; *Buck v. L. & N.*, 159 Ala. 305. The demurrer to the 3rd count should have been sustained.— *T. C. I. & R. R. Co. v. Smith*, 55 South. 170; *Newton v. Brooks*, 134 Ala. 273. As to what a franchise is see.— Joyce on Franchise, 23; 62 Cal. 69; 15 S. & R. 127. Plea

7 was a complete answer to count 1, and the court erred in sustaining demurrers to it.—*Stowers F. Co. v. Brake,* 158 Ala. 644; *Manning v. Wells,* 104 Ala. 383; *Street v. St. Clair,* 71 Ala. 110. Counsel discuss assignments of error relative to evidence, but without citation of authority.

HARSH, BEDDOW & FITTS, for appellee. This cause is strikingly like the well considered case of *Coy v. Indianapolis Gas. Co.,* 36 L. R. A. 535; *Watson v. Dilts,* 93 Am. St. Rep. 239. The 1st count was not objectionable, as the use of the word "residence" sufficiently indicated possession.—6 Vt. 202; 58 Me. 210; 147 Ind. 296. The allegation was sufficient as to possession.—*So. Ry. Co. v. McIntyre,* 169 Ala. 42; *Engle v. Simmons,* 148 Ala. 95; *Brinkmeyer v. Bethea,* 139 Ala. 377; *O'Neal v. Simonton,* 109 Ala. 168. Count 3 was sufficient.—*W. U. T. Co. v. Crumpton,* 138 Ala. 632; *So. Ry. v. Burgess,* 143 Ala. 364. The court properly sustained demurrers to the 7th and 8th plea.—12 Am. St. Rep. 332; *Herndon v. Bartlett,* 4 Port. 481; *Milner v. Milner,* 101 Ala. 599; *Brown v. Floyd,* 163 Ala. 317. Counsel discuss the assignments of error relative to evidence, with citations of authority, but in view of the opinion, it is not deemed necessary to here set them out.

PER CURIAM.—The reporter, in reporting this case, will set out the first and third counts of the complaint and the demurrers filed to said counts.

1. The first count of the complaint is plainly a count in trespass. In an action of trespass it is necessary for the evidence to show that the plaintiffs' possession was involved, and for that reason the evidence must show, to justify a recovery by the plaintiff, that the plaintiff, at the time of the trespass, was in the actual or constructive possession of the property trespassed upon. When

we say constructive possession, we .mean such a constructive possession as gives to the plaintiff the immediate right to the actual possession, and not that constructive possession which the law gives him, for instance, through a tenant. . Under our statutes a complaint which shows that the lands *belonged to* or were *in the possession of* the plaintiff at the time of the trespass sufficiently meets the requirements of the law, provided it is not defective for some other reason.—Code 1907, § 5382, form 26. (The code form for *complaints* in actions of trespass deos not, however, in the slightest degree affect the above rule as to the *evidence* in such cases.)

The count now under consideration alleges that the plaintiff, "with his family, was residing in Birmingham, Alabama, to wit, at 812 First avenue, West End," and that "defendant's servant or agent, acting within the line and scope of his authority as such, wrongfully entered upon said premises and in said residence," etc. This count therefore shows that the trespass was committed upon plaintiff's residence. The word "residence" is synonymous with the words "home" or "dwelling."— *Reg. v. Hammond,* 17 O. B. 772; *Town of North Yarmouth v. Town of West Gardner,* 58 Me. 207, 4 Am. Rep. 279; Words and Phrases, title "Residence."

A court, in passing upon the question as to the sufficiency vel non of a complaint or a plea, should give to the words used by the pleader, unless such words possess some peculiar, technical meaning, when considered in the connection in which they are used, their ordinary import; and when a complaint is demurred to, mere hypercritical objections not going to the merits of the cause of action should be disregarded. The law is reasonable, and all that it requires of a complaint is that it shall state in plain and simple language facts show-

ing a cause of action, and inform the defendant as to what is claimed.—*Western Union Telegraph Co. v. Snell,* 3 Ala. App. 263, 6 South. 864.

A man's home is his abiding place—a place of which, out of necessity, he is possessed—and in our opinion, the first count of the complaint shows with sufficient certainty that the plaintiff was in possession of the residence at the time of the alleged trespass.—*Grisham v. Bodman,* 111 Ala. 194, 20 South. 514; *Southern Ry. Co. v. McEntire,* 169 Ala. 42, 53 South. 158.

As the unlawful invasion of the plaintiff's possession of the residence is the gravamen of the first count, we are clearly of the opinion that it was not subject to the appellant's demurrer.

2. The third count is an action of trespass on the case. The gravamen of this count is the failure of the appellant to furnish the appellee with lights at a time when, it is alleged, the appellant owed the appellee the duty to furnish such lights. In other words, the count is for damages which appellee alleges he suffered because of a breach of duty which the appellee claims the appellant owed to him. It appears from this count that the appellant, under a franchise from the city of Birmingham, at the time of the alleged wrong, "was engaged in furnishing electric lights for lighting residences in said city, and was engaged in furnishing plaintiff, at his residence in said city, to wit, 812 First avenue, West End, with electric lights in said residence, and defendant had undertaken to continue to furnish plaintiff electric lights in said residence for a time to and including said 27th day of June, 1910, and it became and was the duty of the defendant to continue to furnish said lights in said residence for said time;" but the count nowhere alleges that the "undertaking" on the part of appellant to continue to furnish said lights was for a

*valuable consideration.* The franchise referred to in this count was evidently a contract made by appellant as a public service corporation with the city of Birmingham, whereby it was granted the privilege of doing business in said city, and of furnishing electric lights to such residents of the city as would pay it for its services. It cannot be claimed that this count, by any of its averments, places the duty upon appellant of furnishing *all* of the residences of Birmingham with lights. The best that can be said of it in this regard is that the count shows that the appellant, under its contract with the city of Birmingham, is under the duty of serving such residents of the city as see proper, for a valuable consideration, to engage its services. The "undertaking" of appellant to supply the appellee with lights is not averred to be in writing, and, to use the language of the Supreme Court of Alabama, "applying the rule of construing pleading most strongly against the pleader, we are constrained to hold that the contract was an unwritten one, and imports no consideration."—*Newton et al. v. Brock,* 134 Ala. 269, 32 South. 722.

"When," says Denson, J., in *Southern Ry. Co. v. Burgess,* 143 Ala. 364, 42 South. 35, "the gravamen of the action is the alleged nonfeasance or misfeasance of another, as a general rule it is sufficient if the complaint aver the facts out of which the duty to act springs, and that the defendant negligently failed to do and perform. It is not necessary to define the quo modo, or to specify the particular acts of diligence he should have employed in the performance of such duty."—*Leach v. Bush,* 57 Ala. 145.

The count now under consideration contains *two* material averments, viz., that the appellant owed the appellee a duty, and that the appellant failed to perform that duty. The duty, according to the averments of this

count, which the appellant owed the appellee was to furnish lights to appellee's residence. It failed, according to the averments of this count, to perform that duty, because, says the count, appellant "wrongfully, on said day, caused said lights to be cut out, or otherwise to cease to be furnished, at said residence." If there was no *duty* to furnish the lights, then appellee's cause of action, so far as this count is concerned, fails. The wrong complained of is predicated upon the *duty* to furnish lights. In the case of *Tennessee Coal, Iron & R. Co. v. Smith,* 171 Ala. 251, 55 South. 170, the Supreme Court says, through Mayfield, J., "The *facts* or *circumstances* from which the *law* will imply the duty should be stated."—14 Ency. Pl. & Pr. 331.

"A *general averment* that it was the duty of the defendant to do the thing alleged to have been omitted is insufficient."—*T. C., I. & R. Co. v. Smith, supra;* 14 Enc. Pl. & Pr., supra.

Undoubtedly the gravamen of this count is for a breach of duty growing out of a contract, and, to use the language of Tyson, C. J., in *Newton v. Brock,* 134 Ala. 69, 32 South. 722: "It is clear, under the allegations of the complaint, that appellant was under no duty to perform the obligation, out of which its duty is alleged to have arisen, independent of a contract. In other words, no such duty, the breach of which is complained of, originated, either in a general obligation of law, or in an obligation thrown upon it by reason of its vocation. So, then, if the duty of performance was upon it at all, it must have been imposed by contract. This being true, the contract must be a binding one, and this must be shown by the allegations of the complaint. To this end it is just as important to state *expressly* the consideration for defendant's promise as if the action were in assumpsit." While this count alleges that the

appellant was engaged in furnishing appellee, at his
residence, with electric lights, and had undertaken to
continue to furnish said lights, it does *not* allege that
the undertaking was based upon a *valuable considera-
tion.*

"The decisions," observes Lord Campbell, "show that
the allegation of duty in a declaration is, in all cases,
*immaterial,* and ought never to be introduced; for, if the
particular facts set forth *raise the duty,* the allegation
is unnecessary, and, if they do *not,* it will be unavaila-
ble.  If the particular *facts* stated in the declaration do
not raise the duty, it cannot be established by other
facts not stated.  The declaration must stand or fall by
the facts stated"—*T. C., I. & R. Co. v. Smith, supra;
Breese v. Trenton R. R. Co.,* 52 N. J. Law, 250, 19 Atl.
204; 2 Add. Torts, § 1338.

The mere fact that appellant is a public service cor-
poration does not preclude it, where the discrimination
is solely at the company's expense, from supplying wa-
ter to some favored individual without compensation,
unless thereby the rights of the consumers of appellant's
water generally are infringed upon.—*State v. Birming-
ham Waterworks Co.,* 164 Ala. 586, 51 South. 354, 27 L.
R. A. (N. S.) 674, 137 Am. St. Rep. 69, 20 Am. Cas. 951.

We find no decision qualifying the decision of the
Supreme Court in *Newton v. Brock,* 134 Ala. 269, 32
South. 722, and we find nothing differentiating the
count now under consideration from the complaint in
that case.  In this case the defendant is a public service
corporation which, under the law, might have "en-
gaged" to furnish light to appellee's residence without
consideration.—*State v. Birmingham Waterworks Co.,
supra; T. C., I. & R. Co. v. Smith, supra.*  In the case of
*Newton v. Brock, supra,* the defendants were "engaged
in the undertaking business in Birmingham, Ala., and

[Birmingham Railway, Light & Power Company v. Abbott.]

as such were holding themselves out for the preparation of bodies for burial and shipment" for the public, and, to use the language of the Supreme Court in that case, "for aught appearing, the promise of the defendants [to prepare a body for burial] may have been gratuitous," etc. In that case, as in the count now under consideration, there was no allegation that the "engagement" was upon a valuable consideration; and the Supreme Court, in holding the complaint bad on demurrer, said: "The want of a statement of the consideration of a promise is a capital defect in a declaration, not to be supplied by intendment, but by amendment."

The decisions from which we have above quoted, it seems to us, conclusively settle the question now under discussion. They declare, not what the law *should* be, but what the law of the state *is;* and under those decisions, which are binding upon this court, the third count of the complaint was subject to appellant's demurrer, and the trial court committed reversible error in overruling the demurrer to that count.

Reversed and remanded.

NOTE.—The foregoing opinion was prepared by Judge DE GRAFFENRIED, while he was a judge of this court, and is adopted by the court.