# Cahaba Coal Co. *v.* Elliott.

*Injury to Servant.*

(Decided May 15, 1913.   Rehearing denied June 19, 1913.
62 South. 808.)

*Master and Servant; Injury to Servant; Complaint.*—In a personal injury action by a servant, a complaint which merely alleges the injury and that it was caused by the negligence of the superintendent of the master, is not sufficient, although following the language of the statute, (subdivision 2, section 3910, Code 1907) ; the field of superintendence is a wide one, covering all of the master's business, and the mere allegation that the negligence of the superintendent caused the injury was not sufficient to give the master notice of the negligence charged.

(McClellan, J., dissents.)

Appeal from Shelby Circuit Court.

Heard before Hon. Hugh D. Merrill.

Action by J. T. Elliott against the Cahaba Coal Company, for injuries, while in its employment.   Judgment for plaintiff, and defendant appeals.   Reversed and remanded.

Count 11 is as follows:   "Plaintiff claims of defendant the sum of $25,000 as damages for that whereas, on or about the 1st day of April, 1912, defendant was operating a coal mine in Shelby county, Ala., in connection with which it operated coal mining machinery, consisting of, among other things, a hopper, in which rock was dumped, and a tramway extending from under said hopper out and away from the same at a considerable incline.   At the end, or near the opposite end, of said tramway from said hopper there was an engine used as a motive power to draw a tram or rock car on said tramway by means of a cable.   Said engine was used to furnish the motive power to draw said tram or rock car up said incline of said tram railway, and to lower the

same back beneath and under said hopper for the purpose of being loaded with rock from said hopper, and plaintiff avers that said hopper was inclosed with a plank inclosure, and the said hopper was supported by framework foundation, and in the operating of said defendant's business rock from defendant's mine was loaded into or emptied into said hopper and emptied out of said hopper into said tram or rock car, and carried from there up or near where said engine was located, as aforesaid, and dumped out of said car, and plaintiff avers that on said date the said engine which furnished the power to hoist and lower said tram or rock car was in charge of defendant's engineer, and was being operated by him, and on said date plaintiff was employed by defendant in the capacity of blacksmith, and plaintiff avers that while he was thus employed or engaged in the service of defendant, and acting within the line and scope of his duty as the defendant's employee, and engaged in the service of defendant, in and about repairing said hopper or foundation of said hopper, said tram or rock car was caused to run or back against the plaintiff, and fastened plaintiff in between said car and said hopper, or the framework or foundation thereof, and as a proximate consequence thereof plaintiff was greatly, permanently, and severely injured as follows: (Here follows catalogue of injuries.) And plaintiff avers that he suffered said injuries and consequent damages by reason of and as a proximate consequence of the negligence of Charles Hines, who was at the time in the service or employment of defendant, and who had superintendence instrusted to him, and whilst in the exercise of such superintendence."

The demurrers were, in effect, that the count failed to point out the particular act of superintendence upon which plaintiff relied for recovery, and that the count

fails to show wherein or how said superintendent was negligent whilst in the exercise of such superintendence.

CHARLES A. CALHOUN, for appellant. The cause went to the jury on count 11 as amended and the court erred prejudicially in overruling demurrers to such count.— *Reiter-C. M. Co. v. Hamlin,* 144 Ala. 192; *Decatur C. W. & M. Co. v. Mehaffey,* 128 Ala. 274; *L. & N. v. Jones,* 130 Ala. 456. The case decisive of the case at bar upon the particular point here involved is that of *Maddox v. Chilton W. Co.,* 171 Ala. 224. Defendant was entitled to the affirmative charge under the evidence.—*Williams v. Woodward I. Co.,* 106 Ala. 258; *A. G. S. v. Vail,* 142 Ala. 141; *Pryor v. L. & N.,* 90 Ala. 35; *Thomas v. Sloss-Sheffield,* 144 Ala. 188.

RIDDLE, ELLIS, RIDDLE & PRUET, and RIDDLE & BURT, for appellee. Count 11 as last amended was in all things sufficient, and the court properly overruled demurrers thereto.—*Seaboard M. Co. v. Woodson,* 94 Ala. 143; *Bear Creek M. Co. v. Parker,* 134 Ala. 293; *Ill. C. & E. Co. v. Walsh,* 134 Ala. 490; *Postal T. Co. v. Jones,* 137 Ala. 217; *Creola L. Co. v. Mills,* 149 Ala. 447. The judgment entry does not show any action of the court on the demurrers as to any separate count of the complaint, and hence this court cannot say as to which particular count the demurrers were overruled, and cannot review the action of the lower court.—*C. of Ga. v. Ashley,* 159 Ala. 145; *Ala. C. Co. v. Niles,* 47 South. 239; *Greil v. Lomax,* 86 Ala. 132.

McCLELLAN, J.—Action by servant (appellee) against the master (appellant) for damages for personal injuries received while engaged in the masters service. Of the 16 counts filed, only count 11 was sub-

mitted to the jury. That count was designed to state a cause of action under subdivision 2 of the Liability Act (Code, § 3910). The report of the appeal will contain count 11.

Upon the authority of *Woodward Iron Company v. Marbut, infra,* 62 South. 804, in treating count 4 in that case, the majority of the court hold that count 11 was subject to the demurrer, which the trial court overruled. The reversal of the cause necessarily follows.

On what appears to me to be the apt authority afforded by *Alabama Great Southern Railroad Company v. Davis,* 119 Ala. 572, 24 South. 862, affirming the sufficiency of count 1, decided 15 years ago—*Bear Creek Mill Co. v. Parker,* 134 Ala. 293, 32 South. 700, affirming the sufficiency of count 3, decided in 1902, and particularly *Creola Lumber Co. v. Mills,* 149 Ala. 474, 42 South. 1019, affirming the sufficiency of count 1, decided in 1906—the writer dissents from the conclusion prevailing in this and the *Marbut Case* (supra) in respect of the sufficiency of counts 11 and 4 in these cases. The only decision opposed to the three cases above cited is the *Maddox Case,* 171 Ala. 216, 224, 55 South. 93, decided in 1911; and there no account appears to have been taken of the decisions contrary to which it concludes. These decisions, viz., *Davis, Parker, and Mills* (supra), cannot, in my opinion, be rationally distinguished to the end that the inapplication of their clear doctrine can be conceived or effected. I am unwilling, without ample warning to the trial courts and to the profession, to overrule them after they have stood unquestioned, and doubtless have been frequently followed and relied upon by the trial courts and the profession for so many years.

The process of attempting the differentiation of previous decisions by recourse to the *facts* only, and not by

reference also to the principle which such decisions illustrate, will lead inevitably to confusion, uncertainty, and conflict. The facts of a case may avert the application of a principle; but facts that invoke the application of a principle may be as variant as human action, and yet the principle applicable must, if reason reigns and logic leads, cast the legal conclusion. If the *Davis, Parker,* and *Mills Cases* are wrong, they should be overruled, and not left to establish or create a line of authority opposed to the presently prevailing view.

According to the view of the majority, the judgment is reversed, and the cause is remanded.

ANDERSON, MAYFIELD, SAYRE, SOMERVILLE, and DE GRAFFENRIED, JJ., concur. MCCLELLAN, J., dissents. DOWDELL, C. J., not sitting.

### ON REHEARING.

MCCLELLAN, J.—After full consideration by the court of the arguments and authorities presented in the brief of appellee's counsel in support of the application for rehearing, the majority of the court adhere to their original view that count 11 was subject to the demurrer as indicated by the opinion in *Marbut's Case,* (ante), and hence overruled the application for rehearing. The writer's opinion in dissent, is further confirmed as the result of the consideration afforded by the application for rehearing. I can but regret that the so rationally founded and thoroughly supported (by the deliverances made in the *Davis, Parker* and *Mills Cases*) rule which count 11 here, and count 4 in the *Marbut Case,* perfectly illustrate should, at this late day, be departed from. That long-recognized rule conforms to simplicity in pleading, and so without the slightest possible prejudice to a defendant in the opportunity to prepare for

and present his defense. The rule declared and applied in this and in the *Marbut Case* must, if enforced, exact, it seems to me, an wholly unnecessary multiplication of and particularity in counts where the second subdivision of the Liability Act (Code, § 3910) is attempted to be availed of in an action by a servant, and in consequence subject the administration of the law in such cases to a system of detail in pleading, under that subdivision, that cannot be of any practical benefit to any one.

It is insisted for appellee that the three distinct considerations to be quoted prevent the review here of the trial court's action in overruling the demurrer to count 11. They are these: "(a) The judgment entry does not show any ruling of the lower court on demurrers to count No. 11 of the complaint, and only shows a ruling on the demurrers to the complaint; (b) after the evidence was all in, the judgment entry affirmatively shows that the plaintiff amended the complaint, and that on the complaint as amended issue was joined, and that no demurrers were refiled to the complaint after it was amended; (c) there is only one assignment of error based on the court's ruling on demurrer. It is assignment of error No, 1, in the following language: '1. The lower court erred in overruling appellant's demurmers, and each separate ground thereof to the eleventh count of plaintiff's complaint as last amended.'—Tr. pp. 19, 4 to 8, 12 to 15." The unanimous opinion of the court is that none of these propositions asserted for appellee are well taken or have merit.

So far as it has bearing on these propositions, the judgment is as follows: "The court granted the plaintiff leave to file, and the plaintiff did file, an amendment to the complaint, adding counts No. 6 to No. 16, both inclusive, as shown by separate paper writing on file, and

striking from the complaint counts No. 1 to No. 5, both inclusive, and the plaintiff further amends the complaint by amending count No. 12, and by adding count No. 13½, as shown by separate paper writing on file. Whereupon the defendant demurred to the complaint *as shown by separate paper writing on file,* which demurrers being argued by counsel for the plaintiff and the defendant, and the same being heard, considered, and understood by the court, it is therefore ordered, considered, and adjudged by the court that *said demurrers* be and they are hereby overruled. \* \* \* And after the evidence was all in the plaintiff further amended the complaint by withdrawing and striking from the complaint and the files each and every count of the complaint, except count No. 11 and count No. 13½, which was left in said complaint as a part of those said counts. Whereupon, issue was joined upon count No. 11 and count No. 13½ as constituting the complaint as amended."

Consulting the reference in the judgment entry to the demurrers "as shown by separate paper writing on file," the record proper disclosed a pleading of that kind, thus captioned: "Comes the defendant in above-entitled cause, and by leave of the court first had and obtained demurs to the complaint as amended, and each count thereof separately, and severally assigns thereto all the grounds of demurrer heretofore assigned to the original complaint and the following additional grounds of demurrer, to wit: To the sixth count of the complaint. \* \* \* To the eleventh count. \* \* \* The amendment referred to in the judgment entry, and also in the caption of the demurrer, was the addition of counts 6 to 16, inclusive, thus comprehending count 11. As plainly appears from the record, the subsequent amendment of the complaint, by the addition or elimi-

nation of other distinct counts, did not change count
11. So, under the here pertinent doctrine of *B. R. L.
& P. Co. v. Fox*, 174 Ala. 657, 669, et seq., 56 South.
1013, the demurrant was not, in order to assure review
here, obliged to *refile* his overruled demurrer to count
11, since that count had not, subsequent to such ruling,
been changed by amendment. Hence, propostion "b,"
quoted ante, is without merit. Its demurrer to unchang-
ed count 11 having been considered and overruled, the
defendant manifestly expressed no waiver in the prem-
ises by joining in issue upon the averments of that
count (11).

Bearing in mind the italicised words of reference in
the judgment entry, and consulting the subject of that
reference, it readily appears that the court intended
and did in fact consider and *overrule* the "said demur-
rers," which were separately and severally addressed,
in the caption thereof, to the *eleventh* count of the
amended complaint among other counts composing the
complaint as amended. There was no demurrer
attacking the original complaint or the com-
plaint as amended, *as a whole*. Such was the case in
*Central of Ga. Ry. Co. v. Ashley,* 159 Ala. 151, 48 South.
981. In that instance there were demurrers addressed
to the separate counts of the complaint, and also a de-
murrer to the complaint *as a whole*. The judgment
entry expressed a ruling on "demurrer to the com-
plaint" only; and, consistent with the presumptions, in-
dulged on appeal, in favor of no error in the result at-
tained in the trial court, the judgment entry there was
interpreted as only responding to the demurrer to the
complaint *as a whole*. Hence that decision is without
bearing here. Upon like considerations, construing a
judgment entry, the court, in *Ala. Chem. Co. v. Niles,*
156 Ala. 298, 302, 303, 47 South. 239, took and made

effective in its ruling the manifest distinction between a demurrer to a complaint *as a whole* and demurrer addressed to separate counts composing the complaint. In the *Niles Case,* the record contained no demurrer to the complaint *as a whole,* but only demurrers to separate counts of the complaint. Hence the review of that which the judgment entry expressed, in that connection, was of course impossible, not being shown in the record. If in the case at bar there had been a demurrer assailing the amended complaint *as a whole,* and a judgment entry phrased as in the *Ashley Case,* this court would of course refer the ruling thus expressed to that only which could invite the trial court's response, viz., a ruling on a demurrer to the complaint *as a whole.* All of the grounds of the demurrer were, under appropriate subheads, pointed to particular counts, denoting them by number, as accords with the familiar practice in this state. So, the allusion in the quoted caption of the demurrer to the "complaint as amended" had and could have, in the light of the grounds assigned and as particularly assigned, reference to the state of the complaint *as being amended*—as being demurrer interposed, in proper order *after* amendment. In a sense a demurrer to one only of 16 counts is a demurrer to the complaint; but the familiar and necessary distinction adverted to before, and illustrated in the *Ashley* and *Niles Cases* (ante), between a demurrer to a complaint *as a whole* (for instance, for misjoinder of counts, or parties, etc.) and to distinct parts thereof, called, in our practice, *counts,* gives the phrase, *demurrer to the complaint* a signification of a more particular nature.

The conclusion is clear and inevitable from this record that there was separate, distinct demurrer to count 11, and that that demurrer was overruled by the court,

and that that particular ruling was affirmatively expressed in the judgment entry.

The last proposition (c) is also without merit; but it has an apparent support in ill-advised recent decisions of this court. The same decisions appear to have served to lead the Court of Appeals, which is statute-bound to follow this court, into like error in *Wheeler v. Fuller*, 4 Ala. App. 532, 535, 58 South. 792. The notion underlying the proposition (c) appears to be that where the assignment of error rests on action overruling a demurrer each *ground* or *cause* of demurrer must be well taken, else the action of the trial court will not be disturbed on appeal. The correct rule is that where a single assignment of error complains of two or more rulings on demurrers to *distinct* units of pleadings, such as counts, pleas, replications, or of distinct rulings on separate matters relating to the admissibility of evidence, or to distinct parts of the oral charge of the court, or to the giving or refusal of distinct special charges, or to other distinct matters occurring on the trial, the single assignment of error is considered and treated as *joining* each of the several rulings; and, if any one of such rulings is correct, the trial court will be justified, and the appellant will fail, for he will not have sustained his single averment of error in every one of the *rulings* he has *joined* in a *single* assignment.—*Western Ry. Co. v. Arnett,* 137 Ala. 414, 425, 34 South. 997; *Ashford v. Ashford,* 136 Ala. 631, 641, 34 South. 10, 96 Am. St. Rep. 82; *Brent v. Baldwin,* 160 Ala. 635, 640, 49 South. 343; *Cont. Cas. Co. v. Ogburn,* 175 Ala. 357, 57 South. 852, 854; *A. G. S. Ry. Co. v. Clake,* 145 Ala. 466, 39 South. 816.

A demurrer is an entity in pleading. Its grounds or causes are separate, not joint. They are particular reasons why the major premise of the demurrer should

be made effective by the judgment of the court, specifications of defects in the pleading to which the demurrer is addressed.   In nature the grounds or causes of a demurrer are similar to the grounds or causes set forth in a motion for new trial, or in objections to the admissibility of evidence.   Patently a demurrer is due to be sustained *if any one* of its *grounds* or *causes* are well taken against the unit of pleading to which the demurrer is addressed.   A motion for a new trial is due to be granted if *any one* of its grounds àre well taken. So evidence should be refused admission *if any one* of the specified grounds of objection thereto is well taken.

When a ruling sustaining or overruling a demurrer, to a unit of pleading to which a demurrer may be addressed, is properly assigned for error on appeal, manifestly the trial court must be held to have erred in overruling a demurrer in which there is one or more grounds that were well taken; or the trial court must be held *not* to have erred in sustaining an appropriate demurrer if one or more grounds thereof were well taken.— *A. G. S. Ry. Co. v. Clarke, supra.*   But this is very different from affirming that on appeal *every ground or cause* of the demurrer overruled by the trial court must be well taken before the appellant demurrant can claim the adjudgment of error in the premises.   Such a conclusion would necessarily establish each *ground* or *cause* as a demurrer, thus revolutionizing the whole theory and nature of the demurrer, as we have it.   In cases where a single demurrer (regardless of the number of grounds) is addressed, *without separation,* to two or more units of pleading, the trial court will overrule such a demurrer, unless all are demurrable on one or more of the grounds assigned to such units of pleading.

The proposition (c) of appellee appears to have received recognition in *Ferrell v. Opelika,* 144 Ala. 135,

39 South. 249, *Aetna Ins. Co. v. Lasseter,* 153 Ala. 630, 45 South. 166, 15 L. R. A. (N. S.) 252, and in *Thompson v. N. C. & St. L. Ry. Co.,* 160 Ala. 590, 49 South. 340. In so far as these cases approve or apply a rule opposed to that we have stated as the correct one, they are unsound, and are, to that extent, overruled.

Now as to the form and effect of the assignment of error numbered 1, quoted before: The assignment is not a joint complaint, combining as a *single* affirmation of error, of the several grounds or *causes* of demurrer addressed to count 11. The first sentence in the assignment effected to present for review the propriety of the trial court's action in overruling the demurrer to count 11; and, in necessary consequence of the grounds or causes thereof being separate instead of joint, to propound the question: Was any one or more grounds of the demurrer to that count well taken? It follows that the second sentence in the assignment but reiterated the idea comprehended in the first sentence, which was to say: The court erred in overruling each separate ground of the demurrer to that count. So, to here sustain the assignment, it was only necessary for this court to conclude that the demurrer should have been sustained, which is to say: At least one ground of the demurrer was well taken, thereby finding error in overruling the demurrer.

The words (in the assignment) "complaint as last amended," precede transcript paging wherefrom it is made plain that the appellant could only have intended to complain, and does in fact complain, of the trial court's ruling in overruling the demurrer to count 11, interposed, separately, to that count after the complaint was *first* amended by adding counts 6 to 16, inclusive. Count 11, as before stated, was not changed during the trial. So our view is that the seeming in-

consistency between the record, which shows no ruling on count 11 as it appeared (though never altered) in the *complaint as last amended* and the last words in the assignment was corrected by the pertinent contents of the transcript pages to which the assignment itself specifically refers.

The application is denied.

