(78 South. 907)

SOUTHERN COTTON OIL CO. v. WOODS.
(4 Div. 777.)

(Supreme Court of Alabama. April 18, 1918.)

1. MASTER AND SERVANT �köö259(5)—EMPLOYERS' LIABILITY ACT—NEGLIGENCE—SUFFICIENCY OF ALLEGATIONS.

Counts of a complaint in an employé's action for personal injury based on the negligence of the employer's superintendent under the second subdivision of the statute (Code 1907, § 3910) in failing to warn plaintiff that he had connected a belt with a pulley operating a spike roller and certain machinery of a cotton gin, not averring even in general terms any act of negligence on the part of the alleged superintendent with respect to his duty while so engaged, was subject to demurrer.

2. PLEADING �köö8(17) — CONCLUSIONS — EMPLOYERS' LIABILITY ACT—ALLEGATIONS OF NEGLIGENCE.

A complaint under the Employers' Liability Act (Code 1907, § 3910) may aver conclusions, but conclusions must ordinarily be accompanied with averments of fact whereon issues can be understood, joined, and tried.

3. NEGLIGENCE �köö108(1)—PLEADING.

All negligence is not actionable, and pleadings, to be sufficient to state a cause of action grounded on negligence, must affirmatively show that negligence relied upon is actionable.

4. PLEADING �köö8(17)—CONCLUSIONS—NEGLIGENCE.

Where pleadings as to negligence show a duty owed by defendant to the plaintiff and its breach to the plaintiff's injury, very general averments of negligence will suffice, and they need not be but little more than conclusions, though the duty and its breach must be shown, but merely alleging that a given act was negligence or negligently done without more is not sufficient.

5. MASTER AND SERVANT �köö259(5)—EMPLOYERS' LIABILITY ACT—NEGLIGENCE OF SUPERINTENDENT—SUFFICIENCY OF AVERMENTS.

Amended counts alleging the relation of master and servant and the relation between the servant and the master's superintendent, and charging that the alleged negligent person was intrusted with superintendence and was negligent in a specific matter, and that plaintiff's injuries proximately resulted therefrom, and alleging a breach of the duty to warn or notify plaintiff, were sufficient.

6. MASTER AND SERVANT �köö279(6)—INJURY TO SERVANT—EVIDENCE.

In a servant's action for injury to his hand from being caught in the spikes of a roller, part of a cotton gin, after the superintendent, without warning, had connected a belt with a pulley operating the roller, evidence that gins could be run with or without spike rollers, or that the gin breast could be raised by means of a but-

ton, was admissible on the issue of negligence and failure to warn plaintiff that the roller was in operation.

**7. MASTER AND SERVANT ☞281(8)—CONTRIBUTORY NEGLIGENCE—EVIDENCE.**

Such evidence was also admissible on the issue of plaintiff's contributory negligence.

**8. TRIAL ☞120(2)—ARGUMENT—EVIDENCE.**

In a servant's action against a company for personal injury, refusal to exclude part of counsel's argument which said, "How easy it is for a corporation or an individual that employed men to have a set of technical rules by which it should be governed, and still let them go on and do the work in a different manner, and then go to the courthouse here and make defense in a different manner," where there was no evidence of any specific rules of defendant, although there was evidence of certain instructions, was not reversible error.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action by F. W. Woods against the Southern Cotton Oil Company. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under Act April 18, 1911, p. 449, § 6. Affirmed.

Steiner, Crum & Weil, of Montgomery, and B. F. Reid, of Dothan, for appellant. T. M. Espy, of Dothan, for appellee.

MAYFIELD, J. The action was by an employé against his employer to recover damages for personal injuries. The complaint was based on our Employers' Liability Act.

The only negligence alleged or relied upon was that imputed to the employer's superintendent under the second subdivision of the statute (section 3910 of the Code). The particular negligence charged to this superintendent was his failure to warn plaintiff that he had connected a belt with a certain pulley operating the spike roller, a part of a cotton gin, and certain other parts of the machinery of the gin at which plaintiff was at work at the time in question, with the result that plaintiff's hand was caught by the spikes of the roller and severely mangled. The alleged specific negligence is set up in one of the counts as follows:

"Plaintiff avers that the injury that he sustained was the direct and proximate result of the negligence of the said Walter C. Carter, who was at said time in the service or employment of the defendant, and was then and there intrusted with the superintendence of the operation of said gins, and while in the exercise of such superintendence in failing to inform him that he had connected the belt that was on said spike roller with the pulley that gave the machinery motion, and that said spike roller was then in motion. Wherefore he sues."

The defendant demurred to each count of the complaint. The demurrers were sustained as to each count of the original complaint, but were overruled as to each count of the amended complaint. The amendment consisted of two new or additional counts, numbered 3 and 4.

[1] The trial court ruled correctly in each instance. Each count of the original complaint was subject to demurrer under the rules announced by this court in the cases of Cahaba Co. v. Elliott, 183 Ala. 298, 62 South. 808, and Woodward Co. v. Marbut, 183 Ala. 310, 62 South. 804. In those cases our former rulings were reviewed, and in the latter it was said (183 Ala. 312, 62 South. 804):

"In our most recent case of the sort we held in respect to a similar count that, though it followed the language of the statute, it was subject to demurrer, because it failed to point out, even in general terms, any act of negligence on the part of the alleged superintendent with respect to his duty while so engaged. Maddox v. Chilton Warehouse Co., 171 Ala. 216, 55 South. 93. In Bear Creek Mill Co. v. Parker, 134 Ala. 293, 32 South. 700, the fifth count of the complaint there under consideration, after alleging preliminary matter about which there was no question, showed plaintiff's injuries, and that they resulted from plaintiff being caught between two cars of the defendant."

[2] In the same opinion (183 Ala. 313, 62 South. 805), speaking to the rule of this court, it was further said:

"A complaint under the Employers' Liability Act should, in respect of certainty, conform to those rules which under our system apply to pleadings generally. Those rules permit the averment of conclusions, but conclusions when employed must ordinarily be accompanied with averments of fact whereon issues can be understood, joined and tried. L. & N. R. R. Co. v. Jones, 130 Ala. 470, 30 South. 586, citing Leach v. Bush, 57 Ala. 145, upon which have been planted all those numerous cases in which great generality in the averment of negligence has been accepted as meeting the requirements of good pleading. Certainty to a common intent in pleading is essential to the due administration of justice, and it cannot be abolished."

[3] Counts 3 and 4, added by amendment, each met the rules required by these two cases, and also the rules required by a number of other cases, to the effect that all negligence is not actionable, and pleadings, to be sufficient to state a cause of action grounded on negligence, must affirmatively show that the negligence relied upon is actionable. Smith's Case, 171 Ala. 255, 55 South. 170.

[4] If pleadings as to negligence show a duty owed by the defendant to the plaintiff and a breach of that duty to the damage or injury of plaintiff, very general averments of negligence will suffice. As is often said, they need be but little more than conclusions; but the duty and its breach must be shown. Merely alleging that a given act was negligence or was negligently done, without more, is not sufficient. Such pleadings may allege negligence, but the trouble is it is not in such cases "actionable negligence." 171 Ala. 255, 55 South. 170. "The decisions," observed Lord Campbell, "show that the allegation of duty in a declaration is, in all cases, immaterial, and ought never to be introduced; for, if the particular facts set forth raise the duty, the allegation is unnecessary, and, if they do not, it will be unavailable. If the particular facts stated in the declaration do not raise the duty, it cannot be established by other facts not stated." T. C. I. v. Smith, 171 Ala. 251, 55 South. 170; Breese v. Tren-

ton Horse R. Co., 52 N. J. Law, 250, 19 Atl. 204; 2 Add. Torts, § 1338; Birmingham Ry. Co. v. Abbott, 6 Ala. App. 650, 60 South. 970. "While a complaint need not define the quo modo, or specify the particular acts of diligence omitted, yet, when simple negligence constitutes the cause of action, it is incumbent upon the plaintiff to bring himself within the protection of the negligence averred by alleging such a relationship as would enable him to recover for simple negligence." L. & N. R. R. Co. v. Holland, 164 Ala. 73, 51 South. 365, 137 Am. St. Rep. 25; Gadsden R. R. v. Julian, 133 Ala. 373, 32 South. 135; Ensley R. Co. v. Chewning, 93 Ala. 25, 9 South. 458; Rice v. Southern R. Co., 175 Ala. 71, 56 South. 587.

[5] In each of the amended counts the relation of master and servant was shown. The relation between plaintiff and the superintendent was shown. It was charged that the alleged negligent person was by the master intrusted with superintendence, and that while he was in the exercise of such superintendence he was negligent, the act or omission to act, alleged to be negligent, being specified, and that plaintiff's injuries proximately resulted as a consequence of that negligence. The facts are set out further, which show a duty to warn or notify plaintiff, and a breach of that duty; hence it was necessary to allege the duty or its breach in terms; the facts creating the one and showing the other.

[6, 7] There was no error in allowing plaintiff to prove that the gins could be run with or without spike rollers, or that the gin breast could be raised by means of a button. All of this appears to be relevant on both the issue of negligence on the part of the superintendent in failing to notify plaintiff that the spike roller was in operation, and the issue of contributory negligence on the part of the plaintiff. If the gin could not be run without the spike roller, the fact would certainly tend to prove negligence on the part of the plaintiff in running it without the roller; and the same is true as to the duty of the superintendent to fix the band and notify plaintiff that he had done so.

[8] We are not prepared to say that there was reversible error in the court's declining to exclude that part of counsel's argument to the jury, in which he said:

"How easy it is for a corporation or an individual that employed men to have a set of technical rules by which it should be governed, and still let them go on and do the work in a different manner, and then go to the courthouse here and make defense in a different manner."

While it is true, as counsel for appellant argues, that there was no evidence in this case of any specific rules made by this defendant, there was evidence of certain instructions to plaintiff and others as to how to operate the gin and how to unchoke it, and as to whether or not the hand could be inserted in the gin when the roller was on and when

off, and with or without lifting the breast of the gin, or by the use of a certain button, and of cautionings as to other dangers attending the operation of the gin; though there was some conflict in the evidence as to these matters. For this reason we are not prepared to say that the argument was wholly improper, or that the failure to exclude it was reversible error. The argument here complained of was nothing like as objectionable as that used in Drennen's Case, 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037, or in Field's Case, 104 Ala. 471, 16 South. 538, or in Wolffe's Case, 74 Ala. 386, or in the other cases cited by counsel for appellant, in which the judgment was reversed for the failure to exclude it on motion.

The defendant was certainly not entitled to the affirmative charge in this case.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.