# Jolley *v.* Southern Railway Co.

### Crossing Accident.

(Decided June 15, 1916.    72 South. 382.)

1. **Railroads; Crossing Accident; Signals.**—The provisions of § 5473, Code 1907, are without application to a private path across the track, although customarily used by the public.

2. **Same; Discovered Peril.**—Where the action was for damages for death at a private crossing, the burden of proof rests on plaintiff throughout the case as to the issue whether the engineer was guilty of negligence or wanton wrong in omitting to do something he might effectually have done to prevent the accident after discovering the peril of decedent.

[Jolley v. Southern Railway Co.]

**3. Same; Children.**—In such an action, evidence that the engine and the first four cars passed slowly by decedent, a boy of eight or nine years of age, sitting on a pile of trestle timbers, before decedent fell under the train and was killed, supports the general charge for defendant, the doctrine of the "turntable cases" not applying.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by H. Jolley against the Southern Railway Company for damages for the death of his intestate, a child between eight and nine years of age. Judgment for defendant and plaintiff appeals. Affirmed.

FINCH & PENNINGTON, and BURGIN, JENKINS & BROWN, for appellant. BANKHEAD & BANKHEAD, for appellee.

SAYRE, J.— (1, 2) Plaintiff's decedent was killed at a place where a path or trail crossed defendant's track. People in the neighborhood, including school children, had been accustomed to use this path as a short cut in lieu of the public road which was near at hand. The specific requirements of the statute (section 5473 of the Code), which makes it the duty of the engineer of a railroad train to blow the whistle or ring the bell before reaching any public road crossing, had no operation at that point.—*Walker v. Ala. T. & N. Ry.*, 194 Ala. 360, 70 South. 125. The only question of possible conception in the case, on the facts to be stated, was whether the engineer, after discovering the peril of plaintiff's decedent, was guilty of negligence or wanton wrong in omitting to do something he might have effectually done to prevent the accident. As to this issue, or these issues, the burden of proof rested on the plaintiff throughout the case.—*L. & N. R. R. Co. v. Jones*, 191 Ala. 484, 67 South. 691; *L. & N. R. R. Co. v. Rayburn*, 192 Ala. 494, 68 South. 356; *Empire Coal Co. v. Martin*, 190 Ala. 169, 67 South. 435; *Carlisle v. A. G. S. Ry.*, 166 Ala. 591, 52 South. 341. On this law, and on the facts to be stated presently, the trial court held that plaintiff had not made out a case requiring submission to the jury, and correctly so.

(3) There was a trestle close at hand, and some days before the accident defendant had laid alongside its track two piles of timbers, to be used in repairing the trestle. These piles sloped back from the track, like steps, to a height of four or five feet. The work was in progress at the time, and defendant's freight

train, consisting of about 20 cars, after stopping on the other side of the trestle, passed slowly over the trestle before reaching the piles of timber, its speed being estimated by witnesses at five to ten miles an hour. Plaintiff's decedent, a boy between 8 and 9 years of age, and his male companions had crossed the track, and were unquestionably aware of the approach of the train. Plaintiff's theory of the case seems to be that the timbers were laid so near the track as unnecessarily to constrict the path between them and the track, that his decedent was in that part of the path between the timbers and the track, and that his presence there should have induced some method of operating the train different from that adopted. If the engine had struck deceased, there might have been color for plaintiff's contention. But the undisputed testimony showed that the boy fell under the train after the engine and several cars, 4 or 5, had safely passed over him. The preponderance of the evidence offered by plaintiff went to show that deceased was sitting on one of the piles immediately before he went down under the train, and in this and other evidence offered by plaintiff—defendant offered none—there was very reasonable ground for the inference that deceased lost his life in an effort to swing onto the side of the train, as a preponderance of the testimony showed that his brother, a boy of 15, did. But the brother denied this, and testified that at the moment before deceased fell under the train he was climbing upon the timbers. He did not, however, deny that the engine and several cars had passed deceased before he fell. Assuming the truth of the brother's testimony, which was the testimony most favorable to plaintiff's contention, we do not see how in reason it could have been made the basis of a finding that the engineer had been guilty of negligence or wantonness in the operation of defendant's train. The fact that the engine and several cars passed deceased in safety demonstrated the lack of necessity for greater caution in the operation of the train while approaching the place where deceased was. We find nothing in the evidence to justify the conclusion that, after deceased had shown the discretion necessary to keep himself out of the way of the approaching train, and after the engine had safely passed him, whatever may have been his duty before, the engineer should have proceeded upon the assumption that deceased might, in some way, fall under the train. The trial court very correctly gave the general charge for defendant.

[Jolley v. Southern Railway Co.]

We find no reason for the reference in appellant's brief to the doctrine of the "turntable cases." Counts A and B of the amended complaint may have been designed to raise some such question as that, but these counts were insufficient, demurrers to them were sustained, and these rulings are not assigned for error. The doctrine of the "turntable cases" has no possible application to the undisputed facts of this case, or to the complaint upon which it was tried.—*Athey v. T., C. & I. Co.*, 191 Ala. 646, 68 South. 154.

In the foregoing view of the case the rulings on demurrers to the several pleas of contributory negligence, and the rulings on the legal sufficiency of the several special replications, need not be considered. They are now of no consequence, since the stage of the case, to which they might have had application, was not reached.—*Walker v. Ala. T. & N. Ry.*, supra. Of course the age of deceased would have been of some consequence in determining the question of the engineer's default, had the engineer seen him in a place of probable danger, and thereafter ran the train over him, and it was figured in our consideration of the question of the engineer's alleged wrong; but, in the undisputed circumstances characterizing the particular event in question, it is conceived that the age of deceased cannot be a sufficient reason for attributing negligence or graver wrong to the engineer, who as a matter of undisputed fact, operated his engine past him without doing any hurt.

Exceptions to evidence are not argued, and cannot be considered. Most of them are answered by the case of *So. Ry. Co. v. Stewart*, 179 Ala. 304, 60 South. 927.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.