(79 South. 251)

## NORTHERN ALABAMA RY. CO. v. HARPER. (6 Div. 724.)

(Supreme Court of Alabama. . May 30, 1918.)

1. MASTER AND SERVANT ⬤⟳258(18)—INJURY TO SERVANT—PLEADING—COMPLAINT—SUFFICIENCY OF COUNT.

A count in a complaint setting up a cause of action under Employers' Liability Act, subd. 3, based on negligence in giving an order to plaintiff to propel a hand car over a crooked track containing a high· trestle when a train was due to pass, *held* sufficient to show breach of duty to plaintiff and damages proximately caused by such breach.

2. MASTER AND SERVANT ⬤⟳258(10)—INJURY TO SERVANT—COMPLAINT—PLEADING—SUFFICIENCY OF COUNT BY REFERENCE TO OTHERS.

Where each of five counts of a complaint clearly and specifically shows which of the five subdivisions of the Employers' Liability Act it is framed under, and parts of each merely follow the statute in alleging negligence without particularizing the negligent act, such general allegations will be referred to other allegations charging specific acts of actionable negligence.

3. MASTER AND SERVANT ⬤⟳204(3)—ASSUMPTION OF RISK—EMPLOYERS' LIABILITY ACT.

Under the Employers' Liability Act, a servant does not assume the risks incident to the negligence of a foreman or person to whose orders he is bound to conform or of a person in charge of a locomotive, etc.

4. MASTER AND SERVANT ⬤⟳228(1)—EMPLOYERS' LIABILITY ACT—CONTRIBUTORY NEGLIGENCE.

The Employers' Liability Act, while abolishing assumption of risk, did not abolish the defense of contributory negligence.

5. MASTER AND SERVANT ⬤⟳204(1)—EMPLOYERS' LIABILITY ACT—VOLENTI NON FIT INJURIA.

The Employers' Liability Act, abolishing assumption of risk, did not abolish the doctrine of, "Volenti non fit injuria" or its application to negligence cases by a servant against master.

Appeal from Circuit Court, Winston County; T. L. Sowell, Judge.

Action by Henry Harper against the Northern Alabama Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

J. H. Bankhead, Jr., of Jasper, for appellant. R. L. Blanton, of Haleyville, for appellee.

MAYFIELD, J. The appeal is on the record proper; there being no bill of exceptions.

Errors are assigned and argued as to the overruling of demurrers to counts 2, 5, and 6 of the complaint, and as to the sustaining of a demurrer to plea 4.

[1] Count 2 is intended to state a cause of action under subdivision three of the Employers' Liability Act (Code 1907, § 3910), based on the negligence of an order given to plaintiff by his foreman commanding him to propel a hand car or lever car along the railroad track, which was very crooked and over high trestles, when the foreman knew or ought to have known of the approach of a train of cars on the same track.

Count 5 is intended to state a cause of action under the second subdivision of the same statute, complaining of the negligence of the same person, as that of one intrusted by the master with superintendence, who, while in the exercise of such superintendence, negligently ordered plaintiff to propel the car under substantially the same conditions as those stated in count 2.

Count 6 is intended to state a cause of action under subdivision 5 of the same act, alleging that the foreman was in charge or control of the hand car or lever car, and charging negligence in his having the car propelled along the railroad track under conditions substantially the same as those alleged in count 2.

Some of the allegations in count 2, after stating that the railroad track at or about the point of the accident was very crooked and on high trestles, and the fact that a train of cars was about to meet the hand car on the same track, alleged, among many other things:

"That said Wilson at the time well knew that his orders or directions were causing said lever or hand car to be operated over said road on the time of an approaching train going in the opposite direction, and he knew of the condition of defendant's railroad between said points above described that made it dangerous to those on said car to so operate it, and he also knew of plaintiff's disadvantageous and perilous position on said car at the time, but, notwithstanding this knowledge of facts and conditions, and without taking proper precautions to avoid the reasonable and probable consequences of injury to this plaintiff occasioned by his action, which was his duty, he negligently ordered or directed this plaintiff to assist in propelling said car over said piece or part of said railroad," etc.

Count 2 concluded as follows:

"And plaintiff avers that he suffered said injuries and consequent damages by reason and as a proximate consequence of the negligence of a person in the service or employment of the defendant, viz. the said Wilson, to whose orders or directions plaintiff, at the time of his injury, was bound to conform, and did conform, and that his said injuries resulted from his having so conformed."

This count we hold to be sufficient, under uniform rulings of this court. The decisions are too numerous to require citation or reference thereto. The annotations to this section of the Code will show many of them.

Each count of the complaint alleges facts which, if true, show a duty owing plaintiff by the defendant and a breach of such duty by the defendant, or by its agents for whose acts it must respond, and then alleges that the damages suffered were proximately caused by the negligence stated.

[2] Each of the counts also clearly and specifically shows which of the five subdivisions of the act it is framed under. In other words, after stating the facts which create the duty and show a breach thereof, it follows the exact language of the statute in the particular subdivision to which it is to be referred. Neither count is subject to the objection that it does not show the particular negligence complained of. While there are parts of each count which merely follow the statute, in alleging negligence, without showing any particular act or omission constituting negligence, such general allegations will be referred to other allegations which do charge specific acts of negligence constituting breaches of a duty owing by defendant to plaintiff, or actionable negligence. Neither count is subject to any defect pointed out by any one of the various grounds of demurrer, and hence there was no error in the rulings on the demurrer.

[3-5] Plea 4 was not a good answer to any one of the three counts, 2, 5, and 6. The defense attempted to be set up therein was that plaintiff had assumed the risks consequent upon the negligence of the foreman or superintendent. To allow this defense would annul the statute under which the action is brought. As has been repeatedly reaffirmed by this court, the object and effect of the statute was to change the common law to this extent; that is, to take away this defense which the master had at the common law. The statute in legal effect says that as for the negligence of the particular servant or class of servants mentioned in the particular subdivision, under the conditions specified, the fellow servant injured in consequence thereof does not assume the risk thereof, as he did at common law, but that the common master of both shall be liable to the injured servant, just as if the latter were a stranger, and not a servant. This statute, impressed with this construction, however, as has been often held, does not abolish the doctrine of the contributory negligence of the injured servant, nor abolish the doctrine, "Volenti non fit injuria" or the application thereof to negligence cases by servant against master. An employé in such cases may be guilty of such contributory negligence as will bar his recovery; but he does not assume the risks incident to the negligence of the superintendent, or of a person to whose orders he was bound to conform and did conform, or of a person in charge and control of a locomotive, engine, car, etc. Reno's Empl. Liab. Act, 190. The case of Briggs v. Tennessee Co., 163 Ala. 237, 50 South. 1025, is overruled, in so far as it holds that an assumption of risk is a good defense as against the negligence made actionable under subdivisions 2, 3, and 5 of the Employ-

ers' Liability Act. L. & N. R. R. Co. v. Handley, 174 Ala. 593, 56 South. 539; Gainer v. Southern Railway Co., 152 Ala. 186, 44 South. 652.

The plea was evidently not intended to be a plea of contributory negligence, nor is it sufficient in its averments to set up a defense under the doctrine of "Volenti non fit injuria."

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.