(88 South. 150)

WRIGHT v. McCORD et al.    (8 Div. 188.)

(Supreme Court of Alabama.   Dec. 16, 1920.)

1. Pleading ⊜⊃224—Misjoinder eliminated by ruling sustaining demurrer and dismissing cause.

Question of misjoinder of actions and parties in a single count was eliminated by the ruling of the trial court in sustaining a defendant's demurrer and dismissing the cause as to him for failure to amend.

2. Master and servant ⊜⊃329—Count for negligence of superintendent not demurrable.

Count of servant's complaint for injuries, if maintainable against employer's superintendent under Code 1907, § 3910, subd. 2, as a suf-

ficient statement of liability for the negligence of superintendent, charging negligent construction of a structure with inadequate supports, held not subject to demurrer.

3. Master and servant ⊜⊃329—Count for negligence of superintendent not demurrable.

Count of a servant's complaint for injuries, if sought to be maintained against the master and superintendent under subdivision 3 of the Employers' Liability Act, charging negligence in ordering construction work on bins with inadequate supports, held not subject to demurrer.

4. Master and servant ⊜⊃311—Agent liable for negligent injury to workman under him.

An agent who enters on construction work for his principal is bound to use reasonable care in the manner of executing the work so as not to cause any injury to persons working under him, which may be the natural consequence of his negligence in construction of the structure and its insecurity and dangerous condition, and such agent may not exempt himself from liability to any person who suffers injury by reason of having the work *so negligently constructed and left without proper safeguard.*

5. Master and servant ⊜⊃329—Count held to charge negligence of employer's superintendent sued with employer.

In a servant's action for injuries against the employer and his agent for prosecution of the work, demurrer to a count of the complaint which sought to subject the master to liability under Code 1907, § 3910, and the superintendent to liability under the common law, held improperly sustained.

6. Evidence ⊜⊃461(1)—Parol evidence inadmissible to explain unambiguous release.

Under Code 1907, §§ 3973, 3974, written releases, receipts, and written compositions of debt must have effect according to the intention of the parties, but parol evidence is inadmissible to explain an unambiguous release, despite section 3973.

7. Release ⊜⊃29(1)—Release given employer by injured employee construed as affecting right of recovery against employer's agent.

Written contract between injured employee and his employer constituting a written release and receipt for all damages from the employer, joint tort-feasor with his agent, held only a partial settlement of the injured employee's damages, and bar to recovery pro tanto in the action against the other wrongdoer, the employer's agent.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Action by J. T. Wright against H. C. McCord and another for damages for personal injuries. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Count 2 is as follows:

Plaintiff claims of the defendants the sum of $10,000 as damages for personal injuries occasioned to him by the said defendants, as follows to wit: The plaintiff avers that the said injuries were occasioned by reason of negli-

---

gence of the defendant McCord, who was in the service or employment of the master to wit, defendant J. S. Walker, and that said defendant McCord then and there had superintendence intrusted to him, and the said injuries occasioned whilst he was in the exercise of such superintendence, to wit, the said J. S. Walker had employed the said McCord to look after and control the construction of certain seed bins, elevated a considerable distance above the ground, attached to defendant Walker's cotton gin in New Decatur, now Albany, Ala., and the said structure so constructed under the superintendency of the said McCord was weak and insufficiently and inadequately braced and supported, which inadequacy and insufficiency occurred while the said McCord was in the exercise of his superintendency, through the negligence of the said McCord, and as a result of which said negligence in the exercise of such superintendency the plaintiff, while working upon and in such bins, and being ordered by the said McCord, with other workmen, to hurry up and finish the same, while it was inadequately and insufficiently supported, and while the said McCord was in the exercise of superintendency, was precip'tated several feet by the fall of said bin, wh'ch then and there occurred, and which was due to insufficient and inadequate support, to the ground or pile of brick below, whereby the plaintiff sustained serious physical and mental injuries, and was occasioned great pain and suffering and was in bed and bruised as follows, to wit: (Here follows catalogue of injuries.)

Plea 2 is as follows:

"This cause was instituted by the plaintiff against J. S. Walker and H. C. McCord, as joint tort-feasors, that subsequent to the institution of this suit the plaintiff, for and in consideration of $550, agreed and allowed said suit to be dismissed against said Walker and agreed to absolve said Walker from all liabilities as to cost of said suit; that said plaintiff agreed that the court should sustain demurrers filed by said Walker to said complaint and agreed not to amend said complaint as to said Walker, so as to release said Walker from any and all further liability for said tort; that in and by the acceptance of said $550 from said Walker, and the release of said Walker from further liability on said tort, this defendant, as a joint wrongdoer, as alleged in the complaint, was and is released from all liability for the wrongs complained of in the complaint.

Replication to plea 2 is as follows:

(2) That the only arrangement that plaintiff had with defendant Walker was shown by the following agreement with the said Walker:

"J. T. Wright, Plaintiff, v. J. S. Walker and H. C. McCord, Defendants. Circuit Court. Whereas, the above-named plaintiff has brought suit against the above-named defendants for the sum of ten thousand dollars ($10,000.00) for certain personal injuries alleged to have occurred on the 16th day of September, 1916; and whereas, the said defendant J. S. Walker has filed separate demurrers to the complaint and claims and prefers a separate defense to the cause of action in so far as it concerns himself; and whereas, it appears to the plaintiff that said demurrers are well taken and should be sustained; and whereas, the said J. S. Walker has proposed to the plaintiff to pay to plaintiff the sum of five hundred fifty and no/100 dollars ($550.00), in consideration that the plaintiff will not resist the said Walker's demurrers to said complaint, but will immediately submit said demurrers to the court may deem proper thereon, and in consideration that the plaintiff will not amend his compla'nt as to the said Walker, and that said sum shall be paid whenever the court shall make an order sustaining said demurrers and discharge. the said Walker, and that the said Walker has further stipulated and agreed that said order shall be made without prejudice to the plaintiff's right to proceed against the said McCord, and the plaintiff may reserve all rights and cause of action that may exist in his favor against the said McCord, the other defendant, and may continue the prosecution of his suit against the said McCord: Now, therefore, in consideration of these premises, the plaintiff reserving in himself all his rights in said suit against the defendant McCord, the same as if this agreement with the defendant J. S. Walker had not been made, does hereby agree and stipulate that, upon the payment to him of the said sum of $550, which he acknowledges has this day been paid to him, he hereby agrees not to resist the sustaining of said Walker's demurrer to the complaint, and he hereby agrees not to amend his said complaint as to said Walker should the court sustain the said Walker's demurrers, and he hereby agrees not to resist the final judgment of the court in favor of the said Walker upon the sustaining of the said demurrers and, he hereby agrees that the said Walker may be absolved from all liability for the costs of suit; but it is further expressly stipulated and agreed that no right of action is hereby released against the said H. C. McCord, the other defendant, nor shall anything provided or done hereunder inure to the benefit, discharge, or rights of action against the said McCord is hereby retained by the plaintiff, it being understood and agreed between the said plaintiff and the defendant Walker that the liability to the plaintiff on account of said personal injuries was the result of the negligence of said McCord, for which the said McCord alone was responsible, and for which the said Walker was in no wise responsible.

"In witness whereof the said plaintiff, J. T. Wright, and the said defendant J. S. Walker have hereunto set their hands this the 18th day of July, 1918.

"J. T. Wright, Plaintiff,
"J. S. Walker, Defendant."

E. W. Godbey, of Decatur, and Tennis Tidwell, of Albany, for appellant.

The court erred in sustaining demurrers to count 2. 144 Ala. 192, 40 South. 280; 109 Ala. 130, 19 South. 398; 93 Ala. 24, 9 South. 458; 92 Ala. 241, 9 South. 271; 181 Ala. 565, 61 South. 914; 8 Ala. App. 631, 62 South. 1009; 137 Ala. 234, 34 South. 20; 158 Ala. 356, 48 South. 593; 48 South. 409; 60 Fla. 78, 53 South. 503; 129 La. 196, 55 South.

761; 155 Ala. 375, 46 South. 487; 150 Ala. 361, 43 South. 579; 51 La. Ann. 667, 25 South. 460; 121 Ala. 50, 25 South. 793, 77 Am. St. Rep. 17. Court erred in sustaining demurrers to count 3. 94 Ala. 199, 10 South. 145; 134 Ala. 293, 32 South. 700; 137 Ala. 234, 34 South. 20; 101 Ala. 309, 14 South. 10, 22 L. R. A. 361; 149 Ala. 474, 42 South. 1019; 165 Ala. 521, 51 South. 835; 169 Ala. 337, 53 South. 910, Ann. Cas. 1912B, 564; 166 Ala. 460, 52 South. 76; 169 Ala. 337, 53 South. 910, Ann. Cas. 1912B, 564. The court erred in overruling demurrers to plea 2. 23 R. C. L. 408; 79 Kan. 139, 98 Pac. 784, 19 L. R. A. (N. S.) 618; 173 N. Y. 455, 66 N. E. 133, 61 L. R. A. 807, 93 Am. St. Rep. 623; 50 Wis. 138, 6 N. W. 518, 36 Am. Rep. 830; 240 U. S. 498, 36 Sup. Ct. 461, 60 L. Ed. 767, L. R. A. 1917A, 135; 134 N. Y. 35, 32 N. E. 271.

Sample & Kilpatrick, of Hartsells, for appellees.

The court properly sustained demurrers to counts 2 and 3, and in overruling demurrers to the special pleas. 160 Ala. 590, 49 South. 340; 23 R. C. L. 405; 150 Ala. 306, 43 South. 711; 11 Ala. App. 496, 66 South. 885. Counsel discuss other assignments of error, but without further citation of authority.

THOMAS, J. The suit was for personal injury, and resulted in a judgment for defendant.

As originally filed the complaint was in four counts, declaring for failure to use ordinary care to furnish a safe place in which to work, for the negligence of the superintendent in charge of the work in which the injury occurred, for the negligent order of such superintendent that proximately caused the injury, and for a "defect in the said bin, which was connected with and used in the business of the master, to wit, defendant Walker, in connection with which the plaintiff was then and there engaged as an employee of the defendant." The parties defendant were H. C. McCord and J. S. Walker. In the superintendence counts said Walker was designated as the master, acting by and through his superintendent (McCord), who was ordering and directing the work of construction in the course of which plaintiff received his injury by the fall of the structure or bin that was being constructed.

The original complaint was filed on November 8, 1916. On July 24, 1918, the demurrer of J. S. Walker was sustained. Plaintiff declined to amend with reference to said defendant, and the order of the court was "that the said complaint be dismissed as to the said J. S. Walker, * * * and that the cause stand for trial against defendant H. C. McCord." Thereafter, on November 6th, defendant's demurrers to counts 2, 3, and 4 were sustained on the grounds that no facts are stated to show any duty devolved upon defendant to "see that said bin was sufficiently and securely fastened and supported," or to show that defendant was "negligent in not having said bin sufficiently and securely fastened and supported"; that "the facts stated do not show that this defendant, by reason of his connection with the work described in said complaint, was charged with the duty of securely fastening and supporting the bin, which is alleged to have fallen, causing plaintiff's alleged injury." The judgment entry (November 6, 1918) recites, "Thereupon, plaintiff files amendment to count 4 of the complaint," and demurrer, being refiled "to count 4 of complaint as amended," was overruled. The fourth count as amended does not appear in the record, nor the "refiled" demurrer thereto, or is not so indicated. Issue being joined on counts 1 and 4 as last amended, count 1 was charged out at instance of defendant, and there was verdict and judgment for defendant on fourth count so amended.

[1] No question of misjoinder of actions and parties in one count—counts 2, 3, and 4—is presented. The matter was eliminated by the ruling of the court in sustaining said Walker's demurrer and dismissing the cause as to him for failure to amend. L. & N. R. R. Co. v. Abernathy, 197 Ala. 512, 535, 73 South. 103; Sou. Ry. Co. v. Hanby, 166 Ala. 641, 52 South. 334; Sou. Bell Tel. Co. v. Francis, 109 Ala. 224, 19 South. 1, 31 L. R. A. 193, 55 Am. St. Rep. 930. The matter being thus put out of the case, there was no error in giving the affirmative charge as to the first count.

[2] Many assignments of error are predicated on the sustaining of foregoing grounds of demurrer to count 2 as originally filed. The count, if it may be maintained under subdivision 2 of section 3910 of the Code of 1907, as a sufficient statement of liability for the negligence of the superintendent, was not subject to the demurrer directed thereto. L. & N. R. R. Co. v. Abernathy, 197 Ala. 512, 73 South. 103; Reiter-Connolly Mfg. Co. v. Hamlin, 144 Ala. 192, 40 South. 280; Maddox v. Chilton, etc., Co., 171 Ala. 216, 55 South. 93; Cahaba Coal Co. v. Elliott, 183 Ala. 298, 62 South. 808; Woodward Iron Co. v. Marbut, 183 Ala. 310, 62 South. 804; Langhorne v. Simington, 188 Ala. 337, 66 South. 85; Sou. Cot. Oil Co. v. Woods, 201 Ala. 553, 78 South. 907; Shebly Iron Co. v. Bean, 203 Ala. 78, 82 South. 92; T. C., I. & R. R. Co. v. Moore, 194 Ala. 134, 69 South. 540; Ala. Fuel & Iron Co. v. Minyard, post, p. 140, 88 South. 145.

[3] If count 3 was sought to be maintained against the master and superintendent under subdivision 3 of the Employers' Liability Act, it was not subject to the grounds of demurrer sustained thereto. It is averred that plaintiff's injuries were caused by the negligence of said McCord, who was in the service of the defendant Walker, employed to construct,

with the aid and assistance of plaintiff and certain other employees, a cotton seed bin elevated a considerable distance from the ground and attached to the building insecurely; that plaintiff was bound to conform to the orders and directions of said McCord, and while so conforming "McCord negligently ordered" the plaintiff to hurry and finish or assist in finishing said bin while it was in such insecure condition, and while conforming to such order the bin collapsed, injuring plaintiff. The superintendent's negligence is specified as follows.

"The said McCord negligently ordered the plaintiff to hurry up and finish or assist in finishing the said bin, and while the plaintiff was conforming to the orders of said McCord the said bin collapsed and precipitated the plaintiff to the ground, or onto a pile of bricks, and plaintiff avers that the said injuries were occasioned by the negligence of the said McCord in this, that he himself was negligent in the construction of said bin; that by virtue of said orders and foremanship, the said bin was weak, insufficient, and insecure, which he knew, or was negligent in not knowing, and that while the said bin was so weak, insecure, and insufficient he caused and ordered the plaintiff to assume a position of danger and to perform the work in a hurry, and to finish up the said bin, wherefrom the injuries occurred. * * *"

See T. C., I. & R. R. Co. v. Moore, supra; Ala. S. & W. Co. v. Tallant, 165 Ala. 521, 51 South. 835; Wilson v. Gulf States Steel Co., 194 Ala. 311, 69 South. 921; Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 South. 933; Nor. Ala. Ry. Co. v. Harper, 201 Ala. 679, 79 South. 251; Sou. Car & Fdy. Co. v. Bartlett, 137 Ala. 234, 238, 241, 34 South. 20; S.-S. S. & I. Co. v. Long, 169 Ala. 337, 340, 53 South. 910, Ann. Cas. 1912B, 564; Repub. I. & S. Co. v. Williams, 168 Ala. 612, 616–618, 53 South. 76; L. & N. R. R. Co. v. Bargainier, 168 Ala. 567, 53 South. 138; M. & O. R. R. Co. v. George, 94 Ala. 199, 10 South. 145; Woodward Iron Co. v. Gamble, 203 Ala. 20, 81 South. 810.

The sufficiency of counts under subsections 2 and 3 of the statute (Code, § 3910) are tested by the averred facts showing a duty and its breach springing from the relation of master and servant or employer and employee, and for the injury received by such servant or employee in the service of the business of the master or employer as the proximate cause of such injury. In such case the statute makes the latter "liable to answer in damages" to the former, "as if he were a stranger, and not engaged in such service or employment, in the cases following," as indicated in the several subsections, and as affected by the applicable provisions of the statute appended thereto, on page 602, vol. 2, Code. However, the master being eliminated from the instant counts, the question of reversible error vel non in thereafter sustaining the demurrer of defendant

McCord to counts 2 and 3 must be determined under the rules of the common law; for, under the statute, liability was predicated on the contractual relation between the employer and employee. Under the common law it rested on the independent duty of the servant to so use such properties or agencies under his control as not to injure third parties, and irrespective of his relation to his principal. Was second count sufficient in the averment of facts showing: (1) A duty or relationship from which the duty springs on the part of McCord to plaintiff; and (2) its breach, resulting in the proximate injury and damage to plaintiff, under the common law, by reason of such breach of duty?

The Louisiana court states that the rule of the common law and that of the civil law is the same, and is as follows:

"At common law an agent is personally responsible to third parties for doing something which he ought not to have done, but not for not doing something which he ought to have done, the agent, in the latter case, being liable to his principal only. * * * No man increases or diminishes his obligations to strangers by becoming an agent. If, in the course of his agency, he comes in contact with the person or property of a stranger, he is liable for any injury he may do to either, by his negligence, in respect to duties imposed by law upon him in common with all other men." Delaney v. Rochereau & Co., 34 La. Ann. Rep. 1123, 1128, 44 Am. Rep. 456.

Mr. Mechem, in his work on Agency (section 571, p. 402), says:

"But an agent, like any other person, is bound in the performance of his duty to his principal to recognize and respect the rights and privileges of others, and if he fails to do so, either negligently or intentionally, and thereby causes injury to a stranger, he is liable to the stranger for the damages sustained, and the fact that the injury occurred while in the performance of his agency will constitute no defense. In certain of such cases the principal will be liable also, but that fact either does not relieve the agent."

See Berghoff v. McDonald, 87 Ind. 549, 559; Bell v. Josselyn, 3 Gray (Mass.) 309, 63 Am. Dec. 741.

The same author observes that Chief Justice Gray, in Osborne v. Morgan, 130 Mass. 102, 39 Am. Rep. 437, says:

"It is often said in the books that an agent is responsible to third persons for misfeasance only, and not for nonfeasance. And it is doubtless true that, if an agent never does anything towards carrying out his contract with his principal, but wholly omits or neglects to do so, the principal is the only person who can maintain any action against him for the nonfeasance. But, if the agent once actually undertakes and enters upon the execution of a particular work, it is his duty to use reasonable care in the manner of executing it, so as not to cause any injury to third persons which may be the natural consequence

of his acts; and he cannot by abandoning its execution midway and leaving things in a dangerous condition, exempt himself from liability to any person who suffers injury by reason of his having so left them without proper safeguards. This is not nonfeasance, or doing nothing, but it is misfeasance, doing improperly." Mechem on Agency, § 572, pp. 403, 404.

A statement of the rule by our court is that announced in Baird v. Shipman, 132 Ill. 16, 23 N. E. 384, 7 L. R. A. 128, 22 Am. St. Rep. 504, that an agent of the owner of property who has the complete control and management of the property or premises is bound to keep and maintain or control it as not to injure others, and for this breach of duty is liable to third persons for injury proximately resulting to the latter while using the premises in an ordinary and appropriate manner. The agent cannot excuse himself on the plea that his principal is liable. It is not his contract with the master that exposes the agent to liability to such third persons; it is the liability of the servant independent of that of the master, by reason of the servant's common-law obligation to so use that which he controls as not to injure another. The mere relation of agency does not exempt a person from liability for an injury to a third person proximately resulting from the neglect of duty of such agent for which he would otherwise be liable. Mayer v. Thompson-Hutchison Bldg. Co., 104 Ala. 611, 16 South. 620, 28 L. R. A. 433, 53 Am. St. Rep. 88; Baird v. Shipman, supra; Ellis v. McNaughton, 76 Mich. 237, 42 N. W. 1113, 15 Am. St. Rep. 308.

[4, 5] Tested by the foregoing statement of the rule obtaining in this jurisdiction, the agent McCord, having entered upon the construction of the cotton seed bins in question, was in duty bound to use reasonable care in the manner of executing that work as not to cause any injury to third persons (working thereon under him or going thereby) which may be the natural consequence of his actionable negligence in construction of the bins and their insecurity and dangerous condition. He may not exempt himself from liability to any person who suffers injury by reason of his having it so negligently constructed and left without the proper safeguard of a sufficient and adequate support. The demurrer was improperly sustained to count 2. Mayer v. Thompson-Hutchison Co., supra; Luling v. Sheppard, 112 Ala. 588, 21 South. 352; Perminter v. Kelly, 18 Ala. 716, 54 Am. Dec. 177; Jones v. Fort, 36 Ala. 449, 463; Millitello v. B. F. Roden Groc. Co., 190 Ala. 675, 685, 67 South. 420; Cooley on Torts (Students' Ed.) p. 92; 1 Thompson, Comm. on Negl. § 611; 7 Labatt's Master & Servant (2d Ed.) pp. 7727–7729, §§ 2512, 2513; Bailey on Personal Injuries, vol. 3 (2d Ed.) §§ 790, 800; 1 White's Personal Injuries, ' § 233; 2 Mod. Am. Law, p. 433, § 19; 7 R. C. L. p. 648, § 650.

Count 2 sought to subject the master to liability under section 3910 of Code, and the superintendent under the common law. No demurrer challenged such joinder of parties or causes in one count. L. & N. R. R. Co. v. Abernathy, supra. The amendment of the complaint as to parties defendant was accomplished without objection by the order of the court striking the codefendant, Walker, and requiring the trial to proceed against defendant McCord. The order of the court eliminated the master as a defendant without amending that count in other respects; and the liability of McCord (superintendent) as the sole defendant under the facts averred in the count remained unchanged. As to him the amendment did not even operate as a passing from law to law. Ala. Cons. C. & I. Co. v. Heald, 154 Ala. 580, 45 South. 686; Sou. Ry. Co. v. Cooper, 172 Ala. 505, 511, 55 South. 211; Mole v. Wallis, 1 Levinz, 81; Woods v. Haukshead, Yelverton's Rep. 14. McCord did not interpose objection or reserve exception to the amendment eliminating the master as a codefendant. The facts on which liability rested and the rules of law obtaining were unchanged. The fact also remains that the sustaining of demurrer (on grounds stated in the judgment entry) to count 2 on untenable grounds deprived plaintiff of his declaration of a duty, its breach and consequent damage, that was not embraced in other counts. Count 2 stated a cause of action within the rule of Mayer v. Thompson-Hutchison Co., supra. Reversible error was committed in sustaining demurrer thereto.

[6] The right of amendment by striking parties defendant is provided by statute. Gen. Acts, 1915, p. 605; Crawford v. Mills, 202 Ala. 62, 79 South. 456; Plunkett v. Dendy, 197 Ala. 262, 72 South. 525. That defendant Walker was stricken as a party defendant was pursuant to a compromise or settlement of liability as to such joint tort-feasor that is presented by plea 2. Does the plea present a question in bar of recovery of a settlement with one of the joint tort-feasors (the master Walker), or did it amount to no more than a defense pro tanto to the action against the remaining defendant, the servant McCord? It is held generally that a full release and satisfaction of a claim for tort made with one tort-feasor is a release of the other tort-feasor. Thompson v. N., C. & St. L. Ry., 160 Ala. 590, 49 South. 340; McCoy v. L. & N. R. R., 146 Ala. 333, 336, 40 South. 106. Under our statute (Code, §§ 3973, 3974), written releases, receipts, and written compositions of debt must have effect according to the intention of the parties thereto (Long v. Gwin, 202 Ala. 358, 80 South. 440), and parol evidence is not admissible to explain an unambiguous release, notwithstanding the provisions of section 3973 of the Code (Barbour v. Poncelor, 203 Ala. 386, 83 South. 130; Hart v. Freeman, 42 Ala. 567). It is held that the statute (sections 3973 and

3974) does not apply when no writing is given of the kind mentioned in the statute. Reliance Life Ins. Co. v. Garth, 192 Ala. 91, 94, 68 South. 871; Hand Lbr. Co. v. Hall, 147 Ala. 561, 564, 41 South. 78. See Brackin v. Owens Horse & Mule Co., 195 Ala. 579, 71 South. 97; Brown v. Lowndes County, 201 Ala. 437, 78 South. 815. There was no error in overruling demurrer to said plea 2.

[7] In reply to this plea plaintiff's replication exhibits the written contract of date July 18, 1918, signed by two of the respective parties to the suit, J. T. Wright, plaintiff, and J. S. Walker, defendant, which the reporter will set out. The intention of the parties to this contract or release as affecting the pending cause and of a written release and receipt for all damages from the joint tort-feasor, Walker, was that the sum so paid by the latter and received by plaintiff should only be as a partial settlement of his damages and a bar to recovery pro tanto to the action against the other wrongdoer, McCord. Thompson v. N., C. & St. L. Ry., supra; Home Tel. Co. v. Fields, 150 Ala. 306, 313, 43 South. 711; Smith v. Gayle, 58 Ala. 600, 607; Cowan v. Sapp, 74 Ala. 44, Id., 81 Ala. 525, 8 South. 212; L. & N. R. R. v. Burke, 11 Ala. App. 496, 502, 66 South. 885.

It will not be necessary to review the ruling of the trial court as to giving or refusing charges otherwise than to say that the same were presented for review under the amended statutes (Gen. Acts 1915, p. 815). S.-S. S. & I. Co. v. Yancey, 202 Ala. 458, 80 South. 842; Birch v. Ward, 200 Ala. 118, 120, 75 South. 566; Mobile L. & R. Co. v. Thomas, 201 Ala. 493, 78 South. 399; Russell v. State, 201 Ala. 572, 78 South. 916. On another trial and under issues that may be then presented such rulings may not be pertinent.

The matter sought to be presented under count 2 not being available to plaintiff in other counts, there was reversible error in sustaining demurrer to said count.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, GARDNER, and BROWN, JJ., concur.