(94 South. 247)

## NASHVILLE, C. & ST. L. RY. v. COX.
### (8 Div. 979.)

(Court of Appeals of Alabama.   Oct. 31, 1922.)

1. **Railroads ⊂⊃344(1)—Complaint held to describe place of crossing accident.**

A complaint alleging that the injury complained of occurred on one of the streets of a named town within the corporate limits of such town, while plaintiff was crossing defendant's track, *held* to sufficiently describe the place of the injury.

2. **Dismissal and nonsuit ⊂⊃56—Refusal to discontinue case as to railroad on amendment of complaint at conclusion of evidence by striking out names of employees as defendants held not error.**

In an action for injuries sustained when struck by train at crossing, in which two of the railroad employees had been joined as defendants, refusal to discontinue as to railroad on amendment of complaint at the conclusion of the evidence by striking out the names of the two employees, leaving the railroad as the sole defendant *held* not error under Acts 1915, p. 605.

3. **Railroads ⊂⊃346(4)—Charge on burden of proof held in conformity to statute.**

In an action for injuries at a crossing, in which it was shown without dispute that the injury occurred while defendant's locomotive was moving within a village, town, or city, a charge authorizing recovery if the defendant has not established, to the reasonable satisfaction of the jury, that it was not guilty of negligence *held* in conformity to Code 1907, §§ 5473, 5476.

4. **Railroads ⊂⊃350(19)—Contributory negligence in failing to stop, look, and listen question for jury.**

One who fails to stop, look, and listen before attempting to cross a railroad track is guilty of contributory negligence, defeating recovery for simple negligence, but the question as to where he shall stop depends upon the facts of the case and the conditions surrounding the place, and may be properly submitted to the jury.

5. **Trial ⊂⊃252(9)—Refusal to submit question as to whether crossing was a public road crossing held not error.**

In an action for injuries caused by a train at a crossing, in which it was admitted that the crossing was in a village, town, or city, and was recognized as a crossing by the railroad, refusal to submit question as to whether the crossing was a public road crossing *held* not error.

6. **Trial ⊂⊃248—Refusal of abstract instruction held proper.**

In action for injuries sustained when struck by train at street crossing, the court did not err in refusing defendant's instruction that "If an engineer in charge of the movement of a moving engine and tender sees a team in charge of a driver approaching the track, it is not the duty of the engineer to stop as soon as he sees the approaching team, but he has the right to presume that the driver will stop before entering upon the track, and the engineer's duty to stop does not arise until he becomes conscious of the fact that the driver is not going to stop and that a collision is likely to occur, and if he then uses all the appliances and means known to skillful engineers to stop the engine and tender, but cannot prevent a collision, the railroad is not liable," such instruction being abstract.

7. **Railroads ⊂⊃312(3)—Signals at short intervals required while passing through town.**

While passing through a village, town, or city, it is the duty of a person in charge of the locomotive to blow the whistle or ring the bell at short intervals.

8. **Trial ⊂⊃240—Refusal of argumentative instruction held not error.**

Refusal of argumentative instruction *held* not error.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action for damages by Boyd Cox against the Nashville, Chattanooga & St. Louis Railway.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Charge B, given at the request of the plaintiff, reads:

"The court charges the jury that if the defendant has not established to your reasonable satisfaction that it was not guilty of negligence, then your verdict must be for the plaintiff, unless you are reasonably satisfied from all the evidence that the plaintiff was guilty of negligence proximately contributing to his injury."

Charges 4, 5, and 6, requested by the defendant and refused by the trial court, read as follows:

"4. If the Farrow crossing was not, when this injury occurred, a public road crossing, then your verdict should be for the defendant.

"5. If an engineer in charge of the movement of a moving engine and tender sees a team · in charge of a driver approaching the track, it is not the duty of the engineer to stop as soon as he sees the approaching team, but he has the right to presume that the driver will stop before entering upon the track, and the engineer's duty to stop does not arise until he becomes conscious of the fact that the driver is not going to stop and that a collision is likely to occur, and if he then uses all the appliances and means known to skillful engineers to stop the engine and tender, but cannot prevent a collision, the railroad is not liable.

"6. The court charges the jury that at the crossing where this injury occurred it was not necessary under the law that, as the engine and tender approached the crossing, both the bell should be ringing and the whistle be blowing, but it was sufficient so far as this duty is concerned if the whistle was blown at least a quarter of a mile from the crossing."

Street & Bradford, of Guntersville, for appellant.

A complaint stating that the plaintiff was injured while crossing the track of defendant on one of the streets of the town does not sufficiently allege the place of injury. 197 Ala. 60, 72 South. 382; 144 Ala. 332, 39 South. 282. Acts 1915, p. 605, is not applicable to the case at bar, and striking out some of the defendants who were served discontinued the whose case. 68 Ala. 181; 94 Ala. 135, 10 South. 320. Whether the place of injury was a public crossing being a disputed question, the court erred in giving charge B for plaintiff. 146 Ala. 427, 40 South. 934; 144 Ala. 332, 39 South. 282; 197 Ala. 60, 72 South. 382; 150 Ala. 390, 43 South. 723. The plaintiff, having stopped to look and listen at a place where his view was obstructed, was guilty of contributory negligence, and defendant was due the affirmative charge. 135 Ala. 614, 34 South. 16; 152 Ala. 118, 44 South. 418; 135 Ala. 533, 33 South. 332; 203 Ala. 3, 81 South. 671; 202 Ala. 222, 80 South. 44; 192 Ala. 392, 68 South. 277; 191 Ala. 622, 68 South. 139. The statute does not require both the ringing of the bell and blowing of the whistle; either is enough. Charge 6 should have been given for defendant. 112 Ala. 642, 20 South. 1003.

J. A. Lusk & Son, of Guntersville, for appellee.

The negligence of the employee is the negligence of the employer, and the authorities cited by appellant under its second proposition are abrogated by Acts 1915, p. 605. The authorities cited on appellant's brief are inapt.

SAMFORD, J. [1, 2] The complaint, as originally filed, was jointly against the defendant corporation and two of its employees in charge of defendant's locomotive at the time of the injury. To the single count, defendant demurred assigning six grounds. Five of these grounds were eliminated by an amendment to the complaint striking out the two employees as parties defendant, leaving as a sole ground of demurrer, that the place of the injury was not sufficiently described. As to this, the complaint alleges that the injury occurred on one of the streets of Guntersville, and within the corporate limits of said town, while plaintiff was crossing defendant's track. The complaint we think is sufficiently clear in its allegation that the place of injury was at a street crossing in the town of Guntersville. The cases of Jolley v. So. R. Co., 197 Ala. 60, 72 South. 382, and A. G. S. R. Co. v. Fulton, 144 Ala. 332, 39 South. 282, are not in point. At the conclusion of the evidence plaintiff amended his complaint by striking out the employees named in the complaint, leaving as sole defendant this

18 ALA.APP.—43

defendant. Motion was then and there made for a discontinuance as to this defendant, which motion was overruled. In this the trial court did not commit error. The right of amendment is provided by statute. Acts 1915, p. 605; Crawford v. Mills, 202 Ala. 62, 79 South. 456; Patterson Lbr. Co. v. Patrick, 202 Ala. 363, 80 South. 445; Wright v. McCord, 205 Ala. 122, 88 South. 150.

[3] Charge B, given at the request of plaintiff, was a fair statement of the rule as to burden of proof, in conformity to sections 5473 and 5476 of the Code of 1907, it having been shown without dispute that the injury occurred while defendant's locomotive was moving within a village, town, or city. The headnote No. 5 in W. Ry. of Ala. v. McPherson, 146 Ala. 427,[1] is misleading and is not borne out by the opinion. The opinion in L. & N. R. Co. y. Christian, etc., Co., 150 Ala. 390, 3d headnote, 43 South. 723, is based upon an entirely different charge.

[4] It is insisted by appellant that the trial court should have given the general affirmative charge as requested by defendant, because the plaintiff failed to stop, look, and listen at a place where he could have seen the approach of defendant's locomotive before going on the defendant's track. The doctrine of "stop, look, and listen" is firmly established in this state, and where a person fails to observe such doctrine and is injured while crossing a railroad track, he is guilty of contributory negligence, which is a complete answer to an action for simple negligence. But, as to where he shall stop, depends upon the facts of each case and the conditions surrounding the place. Following the decision in Ga. P. Ry. Co. v. Lee, 92 Ala. 262, 9 South. 230, we are of the opinion that the trial court properly submitted the question in this case to the jury.

[5] The vice of charge No. 4 as requested by defendant lies in the fact that the crossing at which the injury occurred was admittedly in a village, town, or city and was a recognized crossing by defendant.

[6, 7] Charge No. 5 is abstract. While passing through a village, town, or city it is the duty of the person in charge of a locomotive to blow the whistle or ring the bell at short intervals, and therefore charge No. 6 was properly refused.

[8] Charge 8 was clearly an argument. The whole question involved in this charge was clearly and fully explained to the jury in the court's oral charge. The questions involved were fairly presented to the jury, the evidence made it a jury case, and the court did not err in refusing to set aside the verdict.

Let the judgment be affirmed.

Affirmed.

---

[1] 40 South. 934.